[S. F. No. 793.    Department Two.—December 9, 1898.]

SARAH R. DUNN, Respondent, v. GEORGIANA L. SCHELL
et al., Appellants.

MORTGAGE—VESTED FUTURE INTEREST—LANDS DEVISED BY DECEASED PER-
SON—POSTPONEMENT OF ENJOYMENT.—Upon the death of a testator,
each devisee of lands devised by him, and directed to be kept
and remain intact and undivided and undistributed until the
youngest son becomes of age, acquires a vested future interest
in the lands of the deceased, which is subject to be transferred
or mortgaged by the devisee in like manner as if it were an es-
tate in possession.

ID.—FORECLOSURE—ESTATE OF PURCHASER.—Upon the foreclosure of a
mortgage of the estate devised, given by one of the devisees,
the purchaser will take only the share and interest in the estate
of the decedent, which, but for the mortgage and foreclosure,
the mortgagor himself would have taken; and the "intact" qual-
ity impressed by the testator upon the lands by the will, can-
not be affected by the mortgage and sale thereunder.

ID.—FINDING—SUBORDINATION OF INTERESTS OF CODEVISEES.—In the ac-
tion to foreclose the mortgage in which the co-devisees answered
claiming an interest in the mortgaged property, a finding that
the interest of the co-devisees are subordinate and subject to
the lien of the mortgage will be construed to mean merely that
they have no rights in the share of the mortgagor which is not
subordinate to the lien of the mortgage.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco, and from an order denying a new
trial.  J. C. B. Hebbard, Judge.

Fisher Ames, for Appellant.

Gordon & Young, for Respondent.

BRITT, C.—In order to secure payment of a promissory note
the defendant Lawrence B. Schell conveyed to plaintiff by way
of mortgage all his right, title and interest "as an heir at law and
as devisee by virtue of the last will of Theodore L. Schell, de-

ceased, in and to" certain parcels of land particularly described. This is an action to foreclose the mortgage so created. By the terms of said will the testator devised to his wife, the defendant Georgiana L. Schell, and several children, of whom said Lawrence is one, all his real property, directing, however, among other provisions, that the same "shall be kept and shall remain intact and undivided and undisturbed until my youngest son," one Arthur B. Schell, "shall have attained the age of twenty-one years," the income thereof meanwhile to be controlled and expended by said Georgiana for the support of herself and said children. It seems that the will was duly admitted to probate, and the estate of the testator is still in process of administration. Said Arthur was yet below the age of twenty-one years when this action was tried. Judgment went for plaintiff; the appeal is prosecuted by said Georgiana, the widow, and Lawrence W. Schell and the other surviving children of said testator.

The stress of appellants' argument is on the direction in the will that the real property of the deceased shall be "kept intact" until the majority of his youngest son; it is contended that until that period the power of any of said devisees to hypothecate his interest under the will was restrained, and that the effect of the sale of Lawrence W. Schell's interest under foreclosure will be to defeat the testator's intention in this particular. We discover no substantial ground for this view. On the death of the testator said Lawrence acquired under the will a vested future interest in the lands of the deceased (Civ. Code, secs. 690, 694, 1341; *Williams v. Williams*, 73 Cal. 99), which was subject to be transferred or encumbered by him in like manner as if it were an estate in possession. (Civ. Code, secs. 699, 2947.) It was competent for him to make the mortgage in suit, but upon a sale to satisfy the same the purchaser will take only the share and interest in the property of the decedent which, but for the mortgage and the foreclosure, the mortgagor himself would have taken; it is impossible, therefore, that the "intact" quality (whatever that may have been) which the testator desired to impress on his real estate for the period mentioned in the will can be affected by the sale of Lawrence's interest therein.

The court made a finding to the effect that the interests of the co-devisees of said Lawrence are subordinate and subject to the

claim and lien of the plaintiff created by the mortgage in suit; appellants complain that this finding is contrary to the evidence. Within itself the finding does not show what interests are declared to be subordinate to the claims of the plaintiff; but taking it in connection with the other findings and the admissions of the pleadings we understand it to mean no more than that said co-devisees of Lawrence W. Schell have no right in the share of his father's estate mortgaged by him to the plaintiff which is not subordinate to the lien of the mortgage; this is consonant with the facts in evidence. All the appellants expressly admitted by their answers that they claimed an interest in the mortgaged property, and it was not improper that the findings should negative their asserted rights therein. The judgment and order appealed from should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.