[Civ. No. 229.   First Appellate District.—December 14, 1905.]

In the Matter of the Estate of CORNELIUS O'CONNOR, Deceased; WM. M. O'CONNOR, Testamentary Trustee, Appellant; Executrix, Co-Trustee, Respondent.

ESTATES OF DECEASED PERSONS—ACCOUNT OF TESTAMENTARY TRUSTEES —ATTORNEY'S FEE FOR PROCURING DISTRIBUTION—JURISDICTION.— The superior court, upon settlement of the first account of the trustees appointed under the will of a deceased person after distribution, has jurisdiction to allow a claim of one of them for counsel fees incurred in obtaining distribution to the trustees, where the co-trustee, who was executrix, refused to petition for such distribution after final settlement of her accounts, and her sisters, who were beneficiaries, were assailing the trust.

ID.—COMMENCEMENT OF TRUST RELATION—DEATH OF TESTATOR—EFFECT OF DISTRIBUTION.—The relation of testamentary trustees to the

trust property begins under the will at the death of the testator, and not by virtue alone of the decree of distribution, although their fuller and more complete powers and duties are devolved upon them by that decree.

ID.—DUTY OF TRUSTEES BEFORE DISTRIBUTION—OBTAINING CONTROL OF TRUST PROPERTY—LIABILITY TO BENEFICIARIES.—The testator having devised the estate to the trustees, it became their duty, having accepted the trust, to obtain control of the trust property, under all proper circumstances, though one of them is named as executrix; and failure to do so would render them liable to the beneficiaries, if loss of the estate or damage thereto should result.

ID.—JURISDICTION NOT DEPENDENT UPON OTHER ALLOWANCES.—The jurisdiction of the court upon settlement of the first account of the trustees, to make an allowance to one of them for counsel fees in obtaining distribution to the trustees, is not dependent upon the power of the court in allowing expenses to the executrix; and is not lost by the settlement of other items of the expenses and compensation of the trustees, where appellant claimed an item for such counsel fees which was erroneously disallowed for want of jurisdiction.

APPEAL from an order of the Superior Court of the City and County of San Francisco, settling the accounts of testamentary trustees.    J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Harrison & Harrison, for Appellant.

Lloyd & Wood, for Respondent.

CHIPMAN, J.—The question involved in this appeal is whether the superior court has jurisdiction to make an allowance to a testamentary trustee for counsel fees in obtaining a distribution of the estate to the trustees. The deceased died possessed of an estate of very considerable value, consisting of real and personal property, which by his last will was devised in trust to appellant and respondent as trustees; the respondent being also named as executrix of the will.    She duly qualified as such executrix and entered upon the discharge of her duties as such.    It appears from the uncontradicted statement of Mr. Robert W. Harrison, which was received in evidence, as setting forth the facts to which he would testify, that he "was consulted by William M. O'Connor as to his rights as trustee under the will of

Cornelius O'Connor, deceased," and on March 24, 1900, prepared and caused to be duly served upon the attorneys 'for respondent a paper asserting his rights as such trustee, and also a notice of his appearance as such trustee in the matter of said estate, and filed the said papers in the proceedings for the administration of said estate and also recorded a revocation of a power of attorney which appellant had previously given to respondent. The statement then shows that thenceforward appellant by his said attorney was more or less actively and continuously seeking to bring respondent to a final settlement of her accounts as executrix, with a view to final distribution of the estate to the trustees, during which time his efforts were met by opposition from the respondent and by the other beneficiaries, sisters of respondent; the former claiming that certain provisions of the trust were invalid, and that the property should be distributed directly to the ultimate beneficiaries, and the latter contending that by a proper construction of the will the property of the estate must remain in her hands as executrix until the youngest daughter of deceased should arrive at the age of thirty years. The statement further shows that as many as four different accounts were from time to time obtained through the insistence of appellant; but that respondent objected to their consideration as final accounts. The fourth account showed that the estate was in condition to permit of a partial distribution, and appellant in October, 1901, filed a petition for that purpose and caused citations to issue, and continued his efforts to obtain from respondent her final account as executrix, which resulted in her filing such account as executrix on March 5, 1902. Respondent, however, "failed and refused to file a petition for. final distribution with her said final account as is customary, and the said final account having been settled on March 17, 1902, and the said executrix having thereafter again refused to file a petition for final distribution of the said estate," appellant on March 24, 1902, prepared and filed such petition, praying distribution to himself and his co-trustee in accordance with the terms of the said will. This resulted in a decree of distribution on October 24, 1902. At the close of the first year of their trusteeship the trustees filed their first annual account, respectively, and

in appellant's account he asked the court to allow him a reasonable sum out of the funds of the trust estate for the compensation of the attorney employed by him in said matters above set forth, as appellant "was under the necessity of employing an attorney at law to aid him in enforcing the trust set forth in the will of said O'Connor, deceased, and to bring about a distribution of the property of said estate to said trustees in order that the said trust might be performed." In its decree settling the account of appellant the court found the substance of the facts briefly above set forth, but as to the right of appellant to be allowed a reasonable sum to reimburse him for expenses incurred therein the court found "that it has no jurisdiction or authority to make such allowance, and for that reason refuses to make any order with reference thereto." The appeal is from the order settling appellant's account, and particularly that part thereof refusing to make any order with reference to said allowance.

I have stated the facts in this case because they show the situation in which appellant found himself placed when he was called upon to act in his capacity as trustee. Other situations of a testamentary trustee which might arise before distribution will, I think, still further aid us in solving the question. Suppose the trustee is brought into court before distribution to defend the trust against an assault made upon it and successfully establishes the trust, or he has reason to believe that the executor is wasting the trust property or is grossly mismanaging it, or is prolonging distribution to the detriment of the estate and the beneficiaries, and in violation of the obvious purpose of the testator, or refuses to take steps to protect the estate against waste being committed upon it by another, or is guilty of a diversion of the trust funds; can it be said that in such instances there is no duty cast upon a trustee to take affirmative and effectual proceedings to protect and defend the trust property against spoliation, and must he be regarded as a mere volunteer, as claimed by respondent, and disentitled to any compensation whatever for necessary expenses, if he assumed to perform this duty in advance of distribution? Whether in the case now before us a necessity was shown for appellant's action is not necessarily, and

perhaps not at all, the question. It is whether, when a testamentary trustee before distribution acts in the interest of the trust estate and for its protection and to carry out the wish of the testator, the superior court is powerless to make any allowance for his expenses, for counsel fees or otherwise. It seems to us that it would endanger the safety of trust property and lead to defeating the objects of the testator to thus tie the hands of the court. A responsible person would hesitate to assume a duty so important, in the discharge of which he must necessarily incur expenses and devote personal attention, if under no circumstances he could be compensated from the trust estate he has safeguarded. Before holding the court to be thus impotent to aid the trustee in the performance of so clear a duty, we should require some statutory restraint upon the court to be shown, or that the power has upon some well-recognized equitable or legal principle been denied it. The position taken by respondent is clearly and distinctly stated in the brief of counsel. It is that the power to settle the account of a trustee is conferred by the legislature, and the jurisdiction is limited by legislative enactment as found in sections 1699 and 1700 of the Code of Civil Procedure, and "that the court was limited to the consideration of matters properly involved in an account authorized by the code, and when the account was settled, and allowance made for the expenses and compensation of the trustees, the powers of the court were exhausted, and it was wholly without jurisdiction to consider matters occurring before the trust estate existed, and which could not, in the nature of things, become part of an account which the trustees could ask to have settled in pursuance of the provisions of sections 1699 and 1700.''

By section 1699 jurisdiction is retained by the superior court "for the purpose of the settlement of accounts under the trust,'' where the trust created by will continues after distribution. "Pending the execution of his trust," or at its termination, the trustee may "render and pray for the settlement of the account as such trustee before the superior court in which the will is probated." Full directions are given as to the hearing and settlement of the account. Section 1700 provides as follows: "On all such accountings the court shall allow the trustee or trustees the proper expenses

and such compensation for services as the court may adjudge to be just and reasonable, and shall apportion such compensation among the trustees according to the services rendered by them respectively, and may, in its discretion, fix a yearly compensation for the trustee or trustees to continue as long as the court may judge proper." It is altogether too narrow a view of the testamentary trustee's relation to the trust property to say that it begins at distribution, and not before, and that his expenses incurred in the discharge of a duty he owes to the trust are by these sections limited to such as arise after distribution, and under no circumstances to any expenses incurred prior to distribution. Certainly no such express limitation is found in the language used in the statute, and we do not think there is any such implied limitation. He does not become a trustee by virtue alone of the decree of distribution, although his fuller and more complete powers and duties are thus devolved upon him; but he takes as trustee under the will at the death of the testator. (Civ. Code, sec. 1341; *Williams* v. *Williams,* 73 Cal. 99, [14 Pac. 394] ; *Dunn* v. *Schell,* 122 Cal. 626, [55 Pac. 595] ; *Martinovich* v. *Marsicano,* 137 Cal. 354, [70 Pac. 459].) The testamentary trustee is a devisee under the will, and, though he may not deal with the property as fully as he may after distribution, we do not see why he may not exercise the rights and powers as may any other devisee under section 821 of the Civil Code, and sections 1452, 1663, 1664, and perhaps other sections of the Code of Civil Procedure, in a proper case and under justifiable circumstances. By section 1699, referred to by respondent, the probate court retains jurisdiction for the purpose of settling the trustee's accounts, and it was held in *McAdoo* v. *Sayre,* 145 Cal. 344, [78 Pac. 874], that the court upon final accounting has the power to dispose of the entire matter of the trust by determining who is entitled to the property, and directing the trustees to turn it over to the person entitled thereto. But the accounts thus settled are the accounts of the trustee acting in that capacity, and are separate and distinct from the accounts of the executor, which latter are settled before or at the time of final distribution.

That a duty respecting the trust property may devolve upon the trustee before distribution, and that a liability

may attach to him for failure to discharge that duty, rest both upon reason and authority. Whatever may have been the object of the testator in creating a testamentary trust and appointing one of the trustees as executrix, certain it is that he would not have appointed trustees at all if he had intended to commit the management of the estate exclusively to the executrix, and that it should reach his heirs at law or the beneficiaries of the trust directly through distribution by the executrix and administration then to cease. Having devised the estate to trustees, it became their duty, having accepted the trust, to obtain control of the trust property. (Pomeroy's Equity Jurisprudence, sec. 1067.) When the trustees should take the step, where the will names one of them as executrix, or under what circumstances it is not necessary to speculate; the court would be the ultimate judge upon the case presented. But clearly it is the duty of the trustees to take such action under all proper circumstances, and failure to do so would render them liable to the beneficiaries, if loss of the estate or damage thereto ensued. Sustaining this position are cited *Speakman* v. *Tatem,* 48 N. J. Eq. 136, [21 Atl. 466]; *McGachan* v. *Dew,* 15 Beav. 84; *Billing* v. *Brogden,* 38 Ch. D. 546. In the last of these cases the testator bequeathed a certain sum of money in trust for a daughter, to two of his sons and one Samuel Budgett; the sons and another son having been made executors of the will. Budgett made frequent but unvailing efforts to induce the excutors to pay the legacy to himself and his co-trustees. The estate was largely composed of an interest in a partnership conducted by the testator's three sons, which failed, and thereupon the daughter sued her brothers and Budgett—the object being to reach Budgett's liability; the brothers being insolvent. It was held that Budgett had committed a breach of trust in not insisting upon the payments of the legacy by the executors to the trustees at a time while the estate was solvent, and he was adjudged to make good the loss with interest. In the court of appeal one of the judges, among other things, said: "A trustee undoubtedly has a discretion as to the mode and manner, and very often as to the time, in which and at which he shall carry his duty into effect. But his discretion is never an absolute one. It is always limited by the duty, the dominant duty,

the guiding duty, of recovering, securing, and duly applying the trust fund. And no trustee can claim any right of discretion which does not agree with that paramount duty.''

The relation of the testamentary trustee of the trust property is different from that of an executor (*Goad* v. *Montgomery*, 119 Cal. 552, 561, [63 Am. St. Rep. 145, 51 Pac. 681]; *Mackay* v. *San Francisco*, 128 Cal. 678, 685, [61 Pac. 382]), and the desire of the testator can be fully carried out only through the trustees and their appointment, as such implies a wish on the part of the testator that it should be so done. The policy of the probate law is to reach final settlement and distribution of the estate as soon as may be, whether the deceased dies testate or intestate, and this should be no less the policy where trustees are by the will made devisees in trust. The legislature seems to have regarded the testamentary trustee as having some necessary relation to the estate before distribution. Section 1702 of the Code of Civil Procedure makes provision for the appointment by the court of a trustee if a vacancy occurs before distribution, and exacts from him, before acting, a bond such as is prescribed by section 1388. Such an appointment may be made upon the application of any person interested in the estate. It may be said that this provision is only intended to have some qualified trustee ready to take upon distribution. But the fact that such a substituted trustee might be called upon to protect the estate against the dangers already pointed out as liable to arise suggests a much broader reason for his appointment than merely to accept the trust at distribution. Appellant institutes an analogy between an executor and testamentary trustee, claiming that an executor, who in a contest for the probate of the will succeeds, is entitled to an allowance for attorney's fees. It is claimed upon the authority of cited cases arising in other jurisdictions and upon the decisions in *Estate of Chinmark*, Myr. Prob. 129, and *Estate of Chittenden*, 1 Coffey's Prob. Dec. 53, that the executor is so entitled. Respondent cites certain cases decided by our supreme court which it is claimed hold otherwise, but appellant contends that they do not so decide. It is not necessary to the decision here that we should pass upon these respective contentions. We do not think the jurisdiction of the court to determine the question now before us is in any wise

dependent upon the power of the court to allow an executor his expenses in securing probate of the will. Whether the action of the trustees in seeking distribution is seasonable or unseasonable, and whether justified by the circumstances under which they act, are matters for the court to determine. But when they have been compelled to act, and the necessity for action finds justification by their success, there is neither justice nor reason in denying to the court the power to determine whether or not they should be paid their necessary expenses out of the trust fund. This would undoubtedly be true if the testamentary trustees' accounts are to be settled according to the principles adopted by the courts of equity (see *Estate of Clos*, 110 Cal. 494, 501, [42 Pac. 971]; *McAdoo* v. *Sayre*, 145 Cal. 344, [78 Pac. 874]; Adams on Equity, pp. 61, 391; *Trustees* v. *Greenough*, 105 U. S. 527-533), and we fail to see in sections 1699 and 1700 of the Code of Civil Procedure any restrictions put upon the powers of the court to so settle such accounts. Between solicitor and client the general rule, as stated by Mr. Perry, is that the trustee will be allowed his costs whether plaintiff or defendant. (Perry on Trusts, secs. 894-899.) As confirming this view, see *Harrison* v. *Perea*, 168 U. S. 311, 325, [18 Sup. Ct. 129]; *Clark* v. *Anderson*, 76 Ky. 111; *Ingham* v. *Lindemann*, 37 Ohio St. 218. In *Perkins' Appeal*, 108 Pa. St. 314, [56 Am. Rep. 208], a credit was allowed the trustee in his account for legal services in obtaining the trustees' appointment. (See Adams on Equity, p. 61.) In this state it has been held that one having a common interest with others in a trust fund who successfully maintains his suit to prevent diversion of the trust fund may be reimbursed his costs and expenses, including attorney's fees. (*Miller* v. *Kehoe*, 107 Cal. 340, 343, 344, [40 Pac. 485]; *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 475, [41 Pac. 328].)

Respondent claims that "when the account was settled and allowance made for the expenses and compensation of the trustees, the powers of the court were exhausted." But in appellant's account he claimed an item for counsel fees in procuring distribution, and it is from the order of the court refusing to consider the item for lack of jurisdiction that the appeal was taken. The claim was fairly before the court, and

it did not lose jurisdiction by passing upon the other items of the account.

Our conclusion is that the court had jurisdiction to determine what, if any, allowance should be made out of the trust estate for the services of appellants' counsel in procuring distribution of the property to the trustees.

The order is reversed in so far as the court refused to allow the attorneys' fees, with directions to the court to proceed in accordance with the views herein expressed.

Cooper, J., and Hall, J., concurred.