[Civ. No. 14992. First Dist., Div. One. June 2, 1952.]

Estate of TONEY PRIOR, Deceased. ELWOOD TONEY PRIOR, as Executor, etc., Appellant, v. BARBARA MARIE RILEY, Respondent.

 

Young, Rabinowitz & Chouteau for Appellant.

R. L. Husted for Respondent.

PETERS, P. J.—Elwood Prior, executor and trustee of the estate of Toney Prior, appeals, in both capacities, from a decree of partial distribution ordering him as executor or as trustee to render a full accounting, and to pay to Barbara Marie Riley her $5,000 legacy, plus 7 per cent simple interest, starting one year after the death of the testator. His basic contentions are that the probate court should have required him to pay but 4 per cent interest on the legacy and not 7 per cent, and that the court had no jurisdiction over him as trustee.

There is no dispute as to the facts.

Toney Prior, by his will executed in 1934, named his son, the appellant, executor, to serve without bond. The residue of the estate was bequeathed in equal shares to the testator's widow and to appellant. There were three specific bequests to Maude Riley and to her two children of $5,000 each. The bequests to the two children were in trust, appellant being named as trustee. It is the trust to one of these children, Barbara Marie Riley, that is here involved. Barbara was but 11 years old when the will was executed. The trust provision bequeaths $5,000 to appellant to hold in trust to pay that sum, "with accumulations" to Barbara when she shall reach the age of 26.

The testator died on April 25, 1935, and the will was admitted to probate in May, 1935. Appellant was appointed executor, and has continuously acted in that capacity. The estate was appraised at $97,966.67, all separate property of the deceased, consisting primarily of stock in the Prior Estate Company, interests in certain promissory notes, a loan, and the stock in trade of a drugstore.

Barbara became 26 on March 22, 1949. Three days later appellant filed a petition for partial distribution. This petition alleges that all creditors of the estate, taxes, and the $5,000 bequest to Mrs. Riley have been paid. It requests permission to pay to Barbara the $5,000 due her, less in-

heritance tax, and to withhold, until payable, the $5,000 bequest to the other child of Mrs. Riley. The appellant waives his executor's fees, admits that the money involved in the two trust bequests was not invested, offers on his behalf and on behalf of his mother to pay 1½ per cent interest on the two trust bequests starting one year from the death of the testator, alleges that he and his mother are the sole persons interested in the residue of the estate, and avers that both waive an accounting.

Barbara, as legatee and beneficiary of the trust, filed exceptions to this petition. In this pleading she sets forth the trust provision of the will, points out that appellant, in his petition for partial distribution, admitted that he had not invested the funds, avers that the reason for noninvestment does not appear, that it does not appear whether the funds to pay her bequest were ever paid to the trustee, that the trustee and executor are the same person, and that it does not appear whether the funds were not invested as the result of the negligence of Prior as executor or as trustee. She also averred the need for an accounting to determine the actual income earned by the estate, and that she does not understand the offer to pay her 1½ per cent interest on her bequest, and states that she is entitled to either 4 per cent interest on such bequest or to the entire income earned by her bequest. She prays for a hearing, demands an accounting, and, based on such accounting, prays that "the exact amount due her be computed and ordered to be paid."

The hearing was held on June 15, 1950. From the very inception of that hearing appellant insisted that he was before the court as trustee as well as executor, contended that he held the funds to pay Barbara's bequest as trustee, and urged that, as trustee, he was not liable for interest. In his opening statement counsel for appellant outlined his understanding of the nature of the proceeding. He pointed out that he understood that Barbara was claiming either 4 per cent or 7 per cent interest on her bequest, and that the issue was whether Barbara was "entitled to interest—any interest at all—and, if so, at what rate." He then stated: "My contention is that Elwood Prior was in a trustee capacity, acting as trustee. It is true that he never distributed the $5,000.00 from the estate or from himself as executor to himself as trustee—he never went through that futile and useless movement. Nevertheless, he is made trustee under the will, and is entitled to be treated as a trustee, and his obligations are

those of a trustee and not an executor. . . . So I contend that throughout this period he was in a trust position.

"I further contend that a trustee does not have to invest money. . . . He didn't invest, and there are no accumulations."

Appellant also urged that Barbara was estopped from claiming interest because of the claimed acquiescence of her counsel in not investing the fund. Counsel for Barbara, in his opening statement, denied that she had been represented by counsel, pointed out that the bequest to appellant as trustee for Barbara was made "with accumulations," and stated that the sole issue was whether Barbara was entitled to 4 per cent interest on her bequest under section 162 of the Probate Code, or 7 per cent under sections 2261 and 2262 of the Civil Code.

Two things are quite clear from these opening statements. First, counsel for appellant, in spite of the fact that Barbara had asked in her pleading for but 4 per cent interest, was well aware that she was claiming a possibility of 7 per cent interest. While it would have been better practice to have amended the pleading to so provide, no prejudice was suffered by this failure, inasmuch as both sides conceded at the very inception of the hearing that the rate of interest issue was the only problem involved. Second, counsel for appellant not only conceded that appellant was before the court as trustee as well as executor, but was insisting that his liability had to be determined by the law applicable to trustees.

The sole witness (except for establishing the age of Barbara and her brother) was appellant. He testified that the only source of funds of the estate was dividends on the stock of the Prior Estate Company, that such dividends amounted to between $400 and $500 a month; that it took him about five years to accumulate the money for Barbara's trust fund; that he deposited all such dividends in a commercial bank account (which does not draw interest) in his name as executor; that within two years of the hearing he had withdrawn $5,000 from the account and deposited it in a commercial bank account in his name as trustee for Barbara; that he was acting as "executor and trustee." He conceded that he had never filed an account in the estate, nor ever had distributed to himself as trustee the bequest in trust for Barbara. He gave as his reasons for not investing the money that there was no investment provision in the will, that he wanted to

safeguard the money in the interest of the minors, and that no demand for him to invest had ever been made.

On this evidence the court found that the bequest to Barbara was now payable; that it "was agreed and stipulated by counsel that the only question at issue in this proceeding is the amount of accumulations or interest to be paid" to Barbara; that the executor kept the $5,000 "in his possession as Executor and never at any time transferred said sum into his name as Trustee, as provided in said will, and that said sum was never invested for or on behalf of said legatee, but that said sum was kept in a checking or commercial account by said Executor and the Court further finds that said Executor was negligent in retaining said funds without investing same as required by Paragraph 1, Section 2261 of the Civil Code of the State of California."

The court concluded that an accounting should be had, ordered $5,000 paid to Barbara forthwith, and further ordered that appellant "as such Executor or Trustee" pay to Barbara 7 per cent simple interest on her bequest starting one year after the date of the death of the testator. The court reserved the power to make further orders in the matter after the accounting was rendered.

In his opening brief appellant calls attention to section 162 of the Probate Code which provides that: "Legacies are due and deliverable one year after the testator's death, and bear interest from that time . . . at the rate of 4 per cent per annum . . ." He then makes but one contention, namely, that under the findings he was held liable as executor, and that as executor his liability is limited to 4 per cent interest.

Appellant has clearly misinterpreted the findings. The court found, in accordance with the evidence, that appellant had failed to have this bequest distributed to himself as trustee, and kept the money in a commercial account in his name as executor, and that appellant, in so doing, was negligent in failing to invest such funds as required by section 2261 of the Civil Code. That section is in the chapter of the Civil Code entitled "Trusts for the Benefit of Third Persons" and in the article entitled "Obligations of Trustees." It is perfectly clear that by referring to this section the court was referring to appellant as trustee, as well as executor. This is made crystal clear by the terms of the judgment—"It is further ordered, adjudged and decreed that said Elwood Toney Prior, as such Executor or Trustee" pay to Barbara the $5,000, and 7 per cent interest.

Section 2261(1) reads as follows: "In investing, reinvesting, purchasing, acquiring, exchanging, selling and managing property for the benefit of another, a trustee shall exercise the judgment and care, under the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income, as well as the probable safety of their capital. Within the limitations of the foregoing standard, and subject to any express provisions or limitations contained in any particular trust instrument, a trustee is authorized to acquire every kind of property, real, personal or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, and stocks, preferred or common, which men of prudence, discretion and intelligence acquire for their own account."

Section 2262 of that code provides: "If a trustee omits to invest the trust moneys according to the last section, he must pay simple interest thereon, if such omission is negligent merely, and compound interest if it is willful."

 It is clear that even though the appellant as executor failed to have the legacy transferred to himself as trustee, he cannot, by such neglect, absolve himself of his duties and responsibilities as trustee. Under section 28 of the Probate Code: "Testamentary dispositions . . . are presumed to vest at the testator's death." Under this section appellant's duties and responsibilities as trustee commenced upon the death of the testator. This was clearly illustrated in *Estate of Wellings*, 192 Cal. 506, 510 [221 P. 628], where the court stated: "An executor appointed by will has the right to act unless there is some express provision of law disqualifying him. [Citing an authority.] A trustee under a will has even a more substantial right to be recognized by the court. He does not become a trustee by virtue alone of the decree of distribution, although his fuller and more complete powers and duties are thus devolved upon him. A testamentary trustee is a devisee under the will, and takes as trustee under the will at the death of the testator. [Citing authorities.] He does not derive his title from the decree of distribution, which merely declares the title that accrued under and by the will, but from the will itself. [Citing authorities.] When an estate is devised to trustees it becomes their duty, having accepted the trust, to obtain con-

trol of the trust property. [Citing a textbook.] When the desire of a testator can be fully carried out only through trustees, their appointment as such implies a wish on the part of the testator that it be so done. [Citing an authority.]'' (See, also, *Estate of O'Connor*, 2 Cal.App. 470 [84 P. 317].)

The same thought is expressed by section 177 of the Restatement of Trusts which provides: "The trustee is under a duty to the beneficiary to take reasonable steps to realize on claims which he holds in trust." Comment "a" under this section reads in part: "The trustee is under a duty to the beneficiary to take reasonable steps to enforce any claim which he holds as trustee against predecessor trustees (see § 223), or in the case of a testamentary trust against the executors of the estate, to compel them to transfer to him as trustee property which they are under a duty to transfer, or to redress any breach of duty committed by them."

There can be but little doubt that a trustee-executor who fails to comply with the provisions of section 2261 of the Civil Code, is liable for interest under section 2262 of that code. That was the precise holding of *Bemmerly* v. *Woodward*, 124 Cal. 568 [57 P. 561]. There, as here, the testamentary trustee, who was also executor, failed to take over and manage the trust estate as trustee. He also mingled the trust funds with his own. For this last-mentioned misconduct the penalty of compound interest was imposed. The court stated (p. 572): "The will constitutes the executors trustees, and there was never any settlement of the administration and distribution of the estate to the trustees. Accounts should have been rendered, and the estate managed as required of executors. As the administration was left open because of the trust, Woodward was, of course, responsible as trustee and should have kept the money invested for his beneficiaries. As he did not do that, but mingled the funds with his own, and even, under the findings, must have occasionally drawn them out of the bank for his own private purposes, I think he was properly charged with compound interest." (See, also, a later appeal in this same case, *Bemmerly* v. *Woodard*, 136 Cal. 326 [68 P. 1017]; *Estate of Piercy*, 168 Cal. 755 [145 P. 91].)

The problem and its solution can be simply stated. Under the law, title to the trust fund vested in appellant as trustee upon the death of the testator. Under the will the trustee was required to pay $5,000 to Barbara together "with accumulations" upon her reaching the age of 26. It was ap-

pellant's duty as trustee to secure the trust funds from the estate and to invest them. He was negligent in failing to secure the funds and in failing to invest them. Therefore, under section 2262 of the Civil Code he is liable for simple interest at the rate of 7 per cent.

In his closing brief appellant points out that his liability as trustee is personal, while his liability as executor is a liability of the estate, and contends that the probate court had no power in this proceeding to make an order binding him personally.

There can be no doubt that the probate court has jurisdiction over testamentary trusts and trustees. The Probate Code expressly so provides. (Prob. Code, §§ 1120-1122.) Under these sections the probate court has jurisdiction over testamentary trusts and trustees before distribution, and over the testamentary trustee for the purpose of passing on the acts of such trustee. In *Estate of De La Montanya,* 83 Cal. App.2d 322, 328 [188 P.2d 494], the court stated: ''Jurisdiction is given under Probate Code, section 1120 which provides in part: 'When a trust created by will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of . . . passing upon the acts of the trustee. . . . The trustee may also petition such court, from time to time, for instructions. . . .' [Citing authorities.] The language is broad enough to give jurisdiction over all controversies arising between a trustee and a beneficiary where the method of operation or the good and sound judgment of the trustee is involved. [Citing authorities.]'' (See, also, *Wells Fargo Bank etc. Co.* v. *Superior Court,* 32 Cal.2d 1 [193 P.2d 721]; *Estate of Loring,* 29 Cal.2d 423 [175 P.2d 524].)

It has been held that a trustee's accounts can be settled by the probate court (*Shnell* v. *Brunton,* 52 Cal.App.2d 226 [126 P.2d 135]); and that the probate court can hold the trustee for his breaches and shortages (*Estate of McLellan,* 8 Cal.2d 49 [63 P.2d 1120]; *Estate of Evans,* 62 Cal.App.2d 249 [144 P.2d 625]). While it is true that the probate court cannot give a personal judgment against the trustee upon which an execution might issue, the court has the power, as it did here, to determine the amount due the beneficiary, with interest, and to charge the trustee accordingly. (*Estate of McLellan,* 8 Cal.2d 49 [63 P.2d 1120].) Such a decree is enforceable by contempt or by securing a judgment

472

at law thereon. (*Willson* v. *Security-First Nat. Bank*, 21 Cal.2d 705 [134 P.2d 800].) Either the trustee, or the beneficiary may invoke the special jurisdiction of the probate court here under consideration. (*Estate of Marré,* 18 Cal.2d 184 [114 P.2d 586]; *Estate of Smith,* 4 Cal.App.2d 548 [41 P.2d 565].)

 Although the pleadings are not as clear as might be desired, there is but little doubt that the special jurisdiction of the probate court over testamentary trustees was invoked in the instant case. The proceeding started as a petition for partial distribution aimed at distributing the $5,000 bequest to Barbara. The exceptions disclosed that this was a testamentary trust, and raises the issue of whether the corpus was ever distributed to the trustee. In his opening statement, counsel for appellant not only conceded but urged that he was before the court as trustee. Under such circumstances it is now too late to urge that he was not before the court as trustee.

In view of the fact that the estate was not distributed, it would appear that the estate and appellant as executor are liable for 4 per cent interest on the bequest. The balance of 3 per cent is chargeable against appellant as trustee, but is not chargeable against the estate. . The findings, conclusions and judgment are amended to so provide. As so amended, the judgment is affirmed, respondent to recover her costs.

Bray, J., and Wood (Fred B.), J., concurred.