[Civ. No. 17890. First Dist., Div. Two. May 1, 1958.]

Estate of MAX A. ELFTMAN, Deceased. OSCAR ELFT-MAN, as Executor, etc., Appellant, v. BONNIE W. MER-RILL, as Executrix, etc., Respondent.

Marshall Rutherford for Appellant.

Frank W. Rose for Respondent.

BRAZIL, J. pro tem.*—Max A. Elftman died on January 29, 1955. Soon thereafter letters testamentary were issued to his brother, Oscar Elftman the appellant, and to his sister-in-law, Bonnie W. Merrill the respondent, as joint executor and executrix of the will. The decedent conveyed a piece of real property to Mrs. Merrill four days before he died. The executor filed a quiet title action against her as executrix and individually to recover the property, so transferred, for the estate, the basis of the action being that the testator was incompetent at the time the deed was executed. It is alleged in the complaint that Bonnie W. Merrill in her capacity as executrix is named as a defendant because she refuses as executrix to act as a plaintiff. The relief actually sought is against her only in order to get the property deeded to her personally into the estate. The answer to the complaint begins, "Comes now the defendant BONNIE W. MERRILL, sued herein individually and as Executrix" etc., and then in paragraph III thereof "[a]dmits that BONNIE W. MERRILL, individually, claims and asserts title in fee simple in and to certain real property adverse to said plaintiff, as such executor, and BONNIE W. MERRILL, as such executrix." It is thus apparent that Bonnie W. Merrill in her capacity as executrix was only a nominal defendant.

The attorneys of record in the probate proceeding made the following motion for the executrix: "That the executor and executrix of the estate of MAX A. ELFTMAN, deceased, be authorized to disburse a reasonable sum for attorneys' fees

---

*Assigned by Chairman of Judicial Council.

and costs which will be incurred by said BONNIE W. MERRILL in the above entitled action." The above entitled action was the quiet title suit, not the probate matter. A motion for attorneys' fees for the executor to prosecute the quiet title action was on the calendar in the probate proceeding at the same time as the other motion. Although the respondent's motion was under the caption of the quiet title suit, the matter was treated by the parties as an inadvertent mistake; and this motion, as shown by the minutes of the court, was heard in probate. On June 29, 1956, under the caption of the estate, an order was made "that the Executor and Executrix of the estate of Max A. Elftman, alias, deceased, be authorized to disburse a reasonable sum for attorneys' fees and costs incurred by said Bonnie W. Merrill in the above described quiet title action." (Described by title and case number in the forepart of the order.) No appeal was ever taken from this order, nor was any motion ever made to set it aside under the provisions of Code of Civil Procedure, section 473.

■   Before relating any more facts, it is well to dispose of the appellant executor's first contention that there was no jurisdiction to make this order because notice of the hearing was not given in the manner provided by law. Section 588 of the Probate Code would require the 10-day notice provided for in section 1200 of that code. Despite the faulty caption the matter was actually heard in probate, and the appellant actively took part in the proceedings even though he might have refused to do so because of lack of proper notice. The situation is just the same as in *Estate of Pailhe*, 114 Cal.App. 2d 658 [251 P.2d 76], which was an appeal from an order directing an administrator to pay attorneys' fees. There it was said, "By his voluntary appearance at the hearing appellant waived any defect there may have been in the giving of notice." (From p. 661.) So, in this case the appellant by his voluntary and active participation in the proceeding waived the necessity of previous notice.

On November 29, 1956, there was a substitution of attorneys in the quiet title action for Bonnie W. Merrill as an individual only. In the subsequent trial the defendant prevailed and judgment was entered in favor of "BONNIE W. MERRILL, individually and BONNIE W. MERRILL, as Executrix." Thereafter, and on May 22, 1957, on a motion of Bonnie W. Merrill as co-executrix and individually, an order was made in probate by which the executor and executrix were "authorized and directed forthwith to disburse from the funds in

said Estate the sum of $1,500.00 to FRANK W. ROSE." Among other things, the order recites that theretofore an order had been made authorizing the disbursement of a reasonable attorney fee and costs "incurred by said BONNIE W. MERRILL, Executrix" in the quiet title action; that said order was final, as no appeal had been taken and motion to set it aside had ever been made; and that the services of Frank W. Rose necessarily incurred by said Bonnie W. Merrill in defense of that action were worth $1,500.

It is from this order of May 22, 1957, that the executor appeals on the ground that the probate court was in error in making the order. He does not, however, appeal on the ground that the amount allowed is excessive and therefore an abuse of discretion.

The basis for any order allowing respondent executrix attorney fees for the defense of the quiet title suit brought by the estate, must be, if at all, in sections 910 and 911 of the Probate Code. Section 910 provides that attorneys for executors shall be allowed fees for ordinary probate proceedings and a further amount for extraordinary services. This section, without saying so in so many words, obviously contemplates that the fees are for services to the executor on behalf of the estate. It does not contemplate payment for services to another which of necessity would be adverse to the interest of the estate. In like manner, section 911 provides: "Any attorney who has rendered services to an executor" etc. may apply to the court for an allowance upon his fees; "and on the hearing the court shall make an order requiring the executor or administrator to pay such attorney out of the estate such compensation, on account of services rendered up to that time, as the court shall deem proper, and such payment shall be made forthwith."

It is respondent's position that the order of June 29, 1956, authorizing the disbursement of reasonable attorney fees was a final appealable order; that the second order directing the payment of $1,500 attorney fees is only an order fixing the amount due as result of an order previously made. If this be true, then that first order cannot now be reviewed on the appeal from the second order unless that first order was not merely erroneous but void. (*Estate of Lucas*, 23 Cal.2d 454 [2a] [144 P.2d 340].) In a similar situation it is said in *Estate of Keet*, 15 Cal.2d 328 at page 333 [100 P.2d 1045]: "The petition for instructions and authority to sell was a distinct and independent proceeding and the order of the

court was appealable. (Prob. Code, § 1240.) No appeal was taken, and consequently it became a final determination of the matters adjudged, with the force and effect of a final judgment. [Citations.] On a collateral attack, any attempt to show mere error of the court must necessarily fail. The judgment is conclusive unless wholly invalid on its face. . . .'' The appellant has not contended that the first order was invalid on its face.

The question to be determined is whether or not the order of June 29, 1956, can be reviewed on this appeal and the answer depends entirely on whether or not that first order was an appealable order. If it was, then the issues presented by this appeal are res judicata. Respondent relies entirely on the principle of res judicata based on her claim that the order of June 29, 1956, was appealable and it has become final. The respondent does not attempt to justify the court's determination in that first order that attorney fees be allowed to an attorney for the adversary of an estate in the event we find that the order was in fact a nonappealable one.

In probate cases, with certain limited exceptions not here applicable, only those orders specified in section 1240 of the Probate Code are appealable. If they are not mentioned in that section they are not appealable. (*Estate of Cole,* 106 Cal.App.2d 823 [236 P.2d 206].) The only portions of that section upon which an appeal could conceivably have been taken from the first order are: ''An appeal may be taken . . . from an order . . . [1] instructing or directing an executor or administrator; [2] directing or allowing the payment of a debt, claim . . . or attorney's fee . . .''

The order with which we are here concerned does not ''instruct or direct'' the executor and executrix to do anything; it provides only that they ''be authorized to disburse a reasonable sum for attorneys' fees and costs which will be incurred.'' With less reason can it be said that it is an order ''directing or allowing the payment of a debt, claim . . . or attorney's fee,'' for in addition to the fact that it is not a direction or allowance, at the time of the order no services had yet been performed, nor in fact, had an attorney even been retained.

In *Estate of Cole, supra,* which was an appeal from an order allowing a claim against estate, it was held that the order was not appealable. In its discussion the court considered that portion of section 1240 of the Probate Code which reads: ''An appeal may be taken to the Supreme Court from

an order . . . directing or allowing the payment of a debt, claim, legacy or attorney's fee;" the following quotation from that case is in its reasoning applicable here: "It will be noted that this section allows an appeal from an order 'directing or allowing the *payment*' of a debt or claim. It does not authorize an appeal from an order merely allowing or approving the claim. This rule was stated as follows in *Miller* v. *California Trust Co.*, 15 Cal.App.2d 612, 616 [59 P.2d 1035]: 'As appellant points out, section 1240 of the Probate Code, treating of "Appealable Orders" includes as such, an order "directing or allowing the payment of a debt, claim, legacy or attorney's fees." But we note a distinction between an order *directing payment or allowing payment of* a claim and an order of the court merely *approving* or *"allowing"* the claim. We believe that the order which is appealable under this section is an order directing or allowing *payment* of a claim which has already been "allowed." ' "

The order of June 29, 1956, not being an appealable order under the provisions of section 1240 of the Probate Code, the propriety of the order of May 22, 1957, directing the payment of a fee to the attorney, whose services could only have been detrimental to the estate, as he was actually representing an adversary of the estate, can be reviewed in its entirety. The first order is not res judicata of the issues presented by this appeal. The order directing payment of the attorney fee was an improper one under the circumstances.

Order reversed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied May 29, 1958.