[Civ. No. 24563. Second Dist., Div. Two. Oct. 20, 1960.]

Estate of FREDERICK H. FREMAN, Deceased. SARA McCLURE FREMAN, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

528

J. Frank Murphy and Eugene J. Adams for Appellant.

Erb, French & Picone, Edward D. French and Leslie L. Heap for Respondent.

ASHBURN, J.—Sara McClure Freman appeals from an order settling and approving the first account current and report of Bank of America National Trust and Savings Association, as testamentary trustee under the will of Frederick H. Freman, deceased, overruling her objections thereto, etc.

The will established and the decree of distribution declares, among others, a trust of $30,000 for the benefit of appellant upon the following terms: ''(1) Income from this trust shall be added to principal thereof, forming a common fund, from which the Trustee, *beginning as of the date of distribution of the trust estate to the Trustee,* shall pay to or for the benefit of SARA McCLURE FREMAN, widow of a deceased brother of mine, presently residing at 912 North Beverly Drive, Beverly Hills, California, the sum of Two Hundred Fifty Dollars ($250.00) monthly during the lifetime of Sara McClure Freman or until the exhaustion of this trust estate prior to her death. (2) Should Sara McClure Freman predecease me, or if surviving me die prior to the exhaustion of

this trust estate, this trust estate and any accrued and undistributed income therefrom shall become a part of and be held, managed and distributed as a part of the trust hereinafter provided for under the provisions of this Will, disposing of the residue of my estate.'' (Emphasis added.)

Appellant's alleged grievance is that the bank, which was both executor and testamentary trustee, negligently failed to cause prompt distribution of the corpus of the trust to itself as trustee, thereby depriving appellant-beneficiary of income of $250 a month from June 18, 1957 to April 23, 1958, a total sum of $2,250.

The will was probated on February 11, 1957. Inventory and appraisal were filed July 5, 1957, showing the estate to be valued at $80,831.37, of which amount $79,214.83 was in bank accounts, travelers checks, United States bonds and coupons from such bonds. Notice to creditors was published on February 18, 1957, and the last day for filing creditors' claims expired on or about August 20, 1957. The filing of a petition for preliminary or partial distribution under section 1000, Probate Code, was permissible on or after June 19, 1957. Inheritance tax of $4,627.87 ($1,726.30 upon the bequest to objector) was fixed and a portion paid on July 12, 1957, and the balance on January 13, 1958. Federal estate tax return was filed in January, 1958; the amount was fixed at $1,086.69, and paid in full by February, 1958. The executor's petition for distribution, etc., was filed March 17, 1958, and distribution ordered on April 25, 1958. On that date the bank gave its receipt for the $30,000 trust fund. The trustee's first account and report was filed on June 18, 1959.

Appellant argues somewhat plausibly that the estate was in condition for partial distribution in June 1957, upon expiration of the four months' period prescribed by section 1000, Probate Code, or in August 1957, upon the expiration of the time for filing creditors' claims. Upon that basis counsel argue negligence on the part of the bank, as trustee, in failing to take affirmative action to that end.

It must be conceded, as appellant contends, that a testamentary trustee has an obligation to exercise reasonable diligence to bring about prompt distribution of the trust property to it in a case where the beneficiary's income does not start until distribution. (See Rest., Trusts 2d, § 177, comment a, p. 383; *Estate of O'Connor*, 2 Cal.App. 470, 475-477 [84 P. 317]; *Estate of Prior*, 111 Cal.App.2d 464, 470-471 [244 P.2d 697].) But the ultimate question of negligence on

the part of the trustee is not before us unless it be determined that the court erred in applying the doctrine of res judicata to the instant situation.

Respondent's claim of res judicata is twofold, first, that the objector's present claim was adjudicated adversely to her by the decree of distribution; secondly, that it is concluded by an order made pursuant to the trustee's application for instructions.

The decree of distribution so far as pertinent is in the language above quoted. It specifically provides that appellant's income payments shall begin "as of the date of distribution of the trust estate to the Trustee," but the question of when or how or by whom that event should be brought about could not have been expressly or impliedly adjudicated for the issue was not before the court. (*Cf. Estate of Hill*, 149 Cal.App.2d 779, 784 [309 P.2d 39]; *Estate of de Laveaga*, 50 Cal.2d 480, 486 [326 P.2d 129].)

The plea of res judicata is good, however, as to the order instructing the trustee. The first account current and report of the trustee now before us was filed on June 18, 1959, more than four months after the order instructing trustee. It alleges: "That during the period of this accounting, on behalf of Sara McClure Freman, the beneficiary of Trust TWP-50668-1, the contention was made that the Trustee should have closed the administration of decedent's estate at an earlier date than was done and that the monthly payments provided for under the trust held for her benefit should be made retroactive to an earlier date. The Trustee filed with the Court a petition for instructions, requesting the Court to instruct the Trustee as to whether or not such monthly payments should be made retroactively to said Sara McClure Freman. . . . [U]pon said hearing the Court, by its order dated February 3, 1959, instructed the Trustee not to make any monthly payments to Sara McClure Freman and Katherine H. Betts, under the provisions of the trusts created under decedent's Last Will and Testament, for any month or months preceding the date of Decree of Distribution, April 23, 1958." Appellant's objections to said account and report say that "on June 18, 1957, said estate was in a position to pay all debts, claims and expenses of administration and all taxes, and in addition thereto was able to pay to the Bank of America National Trust and Savings Association, as Trustee, the sum of $30,000.00, or such portion thereof as might have enabled said Trustee to pay to SARA McCLURE FREMAN the sum of $250.00 per month, and it

was known to said Bank of America National Trust and Savings Association, both as Executor and as Trustee, that said estate was then in a condition to permit a preliminary distribution of sufficient assets into said trust to begin the payment of $250.00 per month to the said SARA McCLURE FREMAN out of trust principal; that it was the inherent duty of said Bank of America National Trust and Savings Association, as Trustee, to insure prompt payment of income to Sara McClure Freman as a beneficiary under the terms of the described testamentary trust; and that the said Bank of America National Trust and Savings Association as such Executor and as such Trustee never at any time took steps to cause preliminary distribution to be made, in violation particularly of its duty as such Trustee." Also: "That said Trustee negligently failed to perform its duty to insist upon and take proper steps not only to bring about a preliminary distribution on June 18, 1957, but also to bring about a prompt final distribution on August 19, 1957; that said Trustee took no steps to bring about either preliminary or prompt final distribution; that by reason of said negligence such Trustee is chargeable with the payments of the sum of $2,250.00 to Sara McClure Freman." The prayer: "WHEREFORE, Sara McClure Freman respectfully prays that the Court reject the first account current, report of trustee and petition for allowance of Trustee's fees and that the Court make its order instructing and directing the Trustee herein to relate back payments to Sara McClure Freman, to the time when preliminary distribution to her could have been made, and that the sum of $2,250.00 be awarded to Sara McClure Freman." In its reply to objections the trustee made a plea of res judicata based upon said order instructing the trustee.

That petition for instructions, filed January 5, 1959, alleged that appellant's attorney wrote to the bank executor on March 28, 1958, a letter, copy of which was attached. It said in part: "I would like to make Miss Freman's position clear in this matter. The time for filing claims in this estate expired on August 20, 1957. The estate has at all times had sufficient moneys on hand to pay all debts, claims, expenses of administration and taxes. Therefore, the provisions of Section 922 of the Probate Code applied and an account should have been filed within thirty days. Miss Freman takes the position that the failure of the Bank as Executor and as Trustee to make and compel this account is negligence and that from approximately October 1, 1957, she was entitled

to receive $250.00 a month, and the failure to pay this amount to her has caused her a substantial loss at the rate of $250.00 a month. My suggestion to alleviate this condition, and which would damage no one and which the Bank should be the first to assert, is that a court order be made directing these payments to begin as of October 1, 1957. . . . If the Bank does not, therefore, see fit to initiate efforts to rectify the damage that has been done to Miss Freman, it would seem that the most appropriate remedy for her would be to pursue independent action based on negligence for the amount of her damage rather than take steps which would further delay closing of the estate." The petition for instructions alleges that the executor's attorneys delivered a copy of the letter to the court at the hearing of the executor's petition for distribution, the court considered it but nevertheless made an order for distribution, etc., which contained no mention of the subject matter of the letter; that thereafter appellant's attorney requested the bank as trustee to "pay to his client, Sara McClure Freman, the sum of $2,000.00, which would equal the sum of monthly payments of $250.00 which said Sara McClure Freman, as a beneficiary under the testamentary trust created for her benefit, would have received had the trust principal been distributed to the Trustee in October, 1957, and has requested that said Bank file a Petition in this Court requesting instructions so to do.

"Bank of America National Trust and Savings Association as Trustee, by reason of all of the foregoing, is in doubt as to its proper course of action in the premises, and respectfully requests that this Court instruct said Trustee whether or not the Trustee shall make retroactive payments to the said Sara McClure Freman, and to the said Katherine H. Betts, and, if so, the date from which such retroactive payments are to be made." The prayer asks instructions as to "[w]hether the petitioner, as such Trustee, should make retroactive payments to Sara McClure Freman and to Katherine H. Betts, and, if so, the date from which such retroactive payments should commence." This petition was granted on February 3, 1959, and the order recites due notice, failure of anyone to appear in opposition to the petition and the hearing of evidence; it finds the allegations of the petition to be true and then says that the trustee "is hereby instructed not to make any monthly payments to SARA McCLURE FREMAN and KATHERINE H. BETTS under the provisions of the trusts, for any month or months preceding the date of Decree of Distribu-

tion, or April 23, 1958.'' As above stated the lower court in settling the trustee's first account and report held that said order instructing the trustee is res judicata of ''the matters herein raised by the objecting beneficiary.''

While the matter of personal liability of the trustee for any negligence in the premises probably was involved in the petition for instructions, as well as the objections to the trustee's first account and report (see *Estate of Prior, supra,* 111 Cal.App.2d 464, 470-472; *Willson* v. *Security First Nat. Bank,* 21 Cal.2d 705, 713 [134 P.2d 800]), it is apparent that appellant has not sought to enforce such liability but has insisted throughout upon the making of retroactive payments of income by the trustee. This is emphasized by the language of paragraph VI of her objections to the trustee's accounting: ''That Neil Edwin Freman is the residuary beneficiary under the terms of said trust; that said Neil Edwin Freman and said trust will be unjustly enriched if said trust and said Neil Edwin Freman are allowed to profit by and share in the sum of $2,250.00 so wrongfully withheld from this petitioner by reason of the acts of the Bank of America National Trust and Savings Association as hereinbefore set forth.''

The letter from appellant's attorney to the bank, as executor, suggests that ''a court order be made directing these payments to begin as of October 1, 1957.'' The trustee's petition for instructions, after referring to the letter, says that appellant has requested that the trustee pay her the sum of $2,000 to cover the monthly payments which she would have received had the trust principal been distributed to the trustee in October 1957. The trustee then declares its doubt as to the proper course of action to be taken by it and asks instructions whether it, as trustee, should make retroactive payments to appellant. Though notified of the hearing she made no appearance and filed no opposition. The court specifically directed the trustee, as such, not to make any payments to appellant for any month preceding the decree distributing the trust assets to it as trustee. Appellant in her objections to trustee's first account and report, which give rise to this appeal, prays for an order ''directing the Trustee herein to relate back payments to Sara McClure Freman, to the time when preliminary distribution to her could have been made, and that the sum of $2,250.00 be awarded to Sara McClure Freman.''

There is no escape from the conclusion that the proceeding for instructions to the trustee involved and the order therein

adjudicated between the same parties the exact issue which was before the court upon the first account and report of trustee and objections thereto.

An order granting instructions to a trustee upon a petition filed under section 1120, Probate Code (as here), is declared by statute to be res judicata. Probate Code, section 1123: ''A decree rendered under the provisions of this chapter, when it becomes final, shall be conclusive upon all persons in interest, whether or not they are in being.'' The decisions are to the same effect. (*Estate of Keet,* 15 Cal.2d 328, 333 [100 P.2d 1045]; *Estate of Elftman,* 160 Cal.App.2d 10, 13 [324 P.2d 977]; *Estate of Jones,* 130 Cal.App.2d 196, 208 [278 P.2d 701].) The court correctly sustained the plea of res judicata herein.

The order overruling objections, settling first account current of trustee, approving purchases and sales of securities, approving and allowing trustee's and attorneys' fees, is affirmed.

Fox, P. J., and Nourse, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.