[Civ. No. 9874. Third Dist. Mar. 22, 1961.]

Estate of SARAH JANE MULLINS, Deceased. MICHAEL H. SKIBINSKI, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

414

Tindall & Tindall for Appellant.

Trabucco & Sloan and Breece W. Sloan for Respondent.

SCHOTTKY, J.—This is an appeal from an order denying the petition of Michael H. Skibinski by which he sought to require the trustees of a trust for support created by the will of Sarah Jane Mullins to reimburse him for expenditures made in the care and support of Dorothy Pelligreen, a lifetime beneficiary of the trust.

Sarah Jane Mullins died on July 21, 1946. By the terms of her will she created a trust which provided in part that the trustees ''shall pay to or for the benefit of my daughter, Annie Pelligreen, and my granddaughter, Dorothy Pelligreen, whatever shall be required for their proper care, education, support and reasonable recreational needs, using the net income and whatever of the principal may be necessary.'' The trust also provided that upon the death of Annie Pelligreen all of the income should be paid to Dorothy Pelligreen and that upon the death of both of the life beneficiaries the trust was to terminate and the trustee instructed to deliver the remainder of the estate to named third parties.

Annie Pelligreen died on December 10, 1948. Dorothy Pelligreen was an incompetent, and appellant Skibinski was appointed her guardian in 1947. He entered upon his duties and continued to act as her guardian until the death of Dorothy Pelligreen on November 18, 1958. He cared for her until 1956 when she was committed to a state hospital, at which time, pursuant to an order of the court, the trustee terminated the monthly payments of $200 to appellant. His final account was settled by the court on November 20, 1958, and he was discharged as guardian. This account showed that he had expended the sum of $1,728.67 more on behalf of his ward than he had received from the trustee. On February 3, 1959, he filed a petition in the probate proceeding ''To ENFORCE THE TERMS OF TRUST AND TO INSTRUCT AND REQUIRE TRUSTEE TO PAY PETITIONER FOR EXPENDITURES MADE IN THE CARE AND SUPPORT OF DOROTHY PELLIGREEN.'' A hearing was held and the court determined that it, sitting in probate, had no jurisdiction in the matter but that it should be determined in an adversary proceeding in the civil court. The court also held that since the trustee had made monthly payments of $200 to Skibinski in accordance with an order of the court it would be improper for him to wait and accumulate deficits before asking for an increase. This appeal followed.

Appellant contends that under section 1120 of the Probate Code the superior court sitting in probate has jurisdiction to determine disputes between trustees and beneficiaries and had jurisdiction to entertain his petition.

Respondent in reply contends that the probate court was without jurisdiction to hear appellant's original petition or make the requested order, and that even had the appellant followed the correct procedure and caused an action to be

brought directly against the trustee by the estate of his deceased ward such action would have been fruitless for the reason that under the very terms of the trust of Sarah Jane Mullins all interest of the deceased beneficiary ceased with her death and the residue in the trust passed to the remainderman.

In *Estate of De La Montanya,* 83 Cal.App.2d 322, the court said at page 328 [188 P.2d 494] : ". . . Jurisdiction is given under Probate Code, section 1120 which provides in part: 'When a trust created by will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of . . . passing upon the acts of the trustee. . . . The trustee may also petition such court, from time to time, for instructions. . . .' (See *Estate of White,* 69 Cal.App.2d 749 [160 P.2d 204] ; *Estate of Marre,* 18 Cal.2d 184 [114 P.2d 586] ; *Willson v. Security-First Nat. Bk.,* 21 Cal.2d 705 [134 P.2d 800].) The language is broad enough to give jurisdiction over all controversies arising between a trustee and a beneficiary where the method of operation or the good and sound judgment of the trustee is involved. (*Estate of Smith,* 4 Cal.App.2d 548 [41 P.2d 565] ; *Estate of Smead,* 12 Cal.2d 20 [82 P.2d 182].)'' (See also *Estate of Prior,* 111 Cal.App.2d 464, 471 [244 P.2d 697].)

In the instant case the respondent trustee was required under the specific provisions of the trust to pay for the benefit of Dorothy Pelligreen whatever was necessary for her proper care and support. It appears from the record that appellant, as guardian of Dorothy Pelligreen, did expend his own funds for such care and support. The following appears in the record: "THE COURT: . . . What actually shows is that Mr. Skibinski spent his own funds and now he seeks reimbursement. That, in a nutshell is what the problem is, and the question is whether or not he is entitled to reimbursement out of the trust estate. If there were no trust estate where would he get it? Isn't that the problem? MR. TINDALL: Yes. MR. TRABUCCO: Yes."

As we view the matter the proper fulfillment of the provisions of the trust required that before any part of the trust property could properly be delivered to the grand-nephew of deceased all obligations incurred for the care and support of Dorothy Pelligreen should be paid by the trustee.

The trial court refused to pass on the merits of appellant's claim upon the ground that the probate court had

no jurisdiction in the matter and that the controversy should be determined in the civil court in an adversary proceeding.

In the case of *Schlyen* v. *Schlyen,* 43 Cal.2d 361 [273 P.2d 897], the children of the decedent brought an action against decedent's widow, who was also executrix under the will of decedent, for cancellation of deeds which had been executed by decedent, and under which the widow claimed, on the ground of alleged fraud and undue influence by the widow. The superior court granted a motion to dismiss the action upon the ground that the court was wholly without jurisdiction to entertain the subject matter and that the "probate court" had exclusive jurisdiction thereof. Upon appeal the Supreme Court reversed the judgment and in a very exhaustive and learned opinion by Mr. Justice Shenk, analyzed some of the former decisions and cleared up much of the confusion that had existed because of statements in earlier decisions. The opinion first pointed out that since the adoption of the Constitution of 1879 there has been no "probate court" in this state in the sense that it is a court separate and distinct from the superior court sitting in the exercise of its probate jurisdiction, and further that probate matters are civil in their nature and the superior court in exercising its jurisdiction in such matters does so as a superior court, and as such it has the right to exercise its inherent equitable functions. The court said at page 378: "From the foregoing it is concluded: (1) that the superior court has general jurisdiction in equity cases such as the present one; (2) that in the absence of a demurrer, answer, motion or other timely objection on the ground that the issues involved should be tried in probate, the superior court may adjudicate those issues with the same force and effect as if the objection had not been made; (3) that when as here the issues pertain only to the rights of parties in privity with the estate and do not involve the rights of third parties or strangers to the estate the superior court sitting in probate has jurisdiction and should adjudicate them, but that such jurisdiction is not exclusive, depending on the facts of the particular case and may be waived; (4) that under the undisputed facts of this case the defendant did not timely interpose her objection to the trial of the issues by the superior court sitting in the exercise of its general equity jurisdiction and therefore waived the objection, and (5) that when such objection is timely made the trial court should not dismiss the action but should try it as a matter in probate

to the end that property wrongfully claimed by the representative of the estate be included in the assets of the estate.''

Applying the rationale of the Schlyen case to the instant case, we believe that the trial court should not have refused to pass on the merits of appellant's claim, which was in effect a dismissal of his petition, but should have tried the cause as an ordinary civil action in the exercise of the court's general jurisdiction. We do not believe that the provisions of the trust established by the will of Sarah Jane Mullins could be properly fulfilled if any moneys properly expended by appellant for the proper care and support of Dorothy Pelligreen while appellant was her guardian were unpaid. Whether the amount claimed to have been expended by appellant for such care and support was in fact so expended is, of course, a matter for the trial court to decide in a proceeding in which all parties interested would have a right to be heard.

There is no merit in respondent's contention that all interest of the deceased beneficiary ceased with her death and that the residue then passed to the remainderman and that there was therefore no fund from which further claims could be paid. The fact that the death of the ward intervened and that there was a gift over by the terms of the trust should not defeat the claim since it would be an anomalous case if because of the death of a beneficiary the just expenses of past maintenance could not be met simply because of the fortuitous circumstance of death before the funds could be transferred. (*Leverett* v. *Barnwell*, 214 Mass. 105 [101 N.E. 75] ; *In re Frayer's Estate*, 155 Misc. 811 [280 N.Y.S. 657].)

It is stated in 2 Scott on Trusts, section 128.4 (2d ed.), at page 944, that where a trust is created for the support of a beneficiary it is a question of interpretation of the terms of the trust whether after the death of a beneficiary the trustee can properly pay the debts of the beneficiary for his support. The inference is that he is authorized to pay such debts, and where it would be an abuse of discretion not to pay them the trustee can be compelled to do so.

In its order denying a new trial the court stated that the trustee having made the payments of $200 per month in accordance with an order of the court it cannot now be held for any further sums accruing during the guardianship. We do not agree. The order authorizing the trustee to pay the sum of $200 per month to the guardian of the beneficiary stated that it was until the further order of the court. In view of the terms of the trust, we do not believe that such an order

would preclude the payment of any additional moneys necessarily expended for the care and support of the beneficiary.

The order appealed from is reversed and the cause remanded to the trial court with directions to proceed in accordance with the views herein expressed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.