[S. F. No. 8028.   Department One.—June 28, 1917.]

In the Matter of the Estate of ALBERT H. RAWITZER,
    Deceased.   EARL   A.   RAWITZER,   Respondent,   v.
    FIRST TRUST COMPANY OF OMAHA, Appellant.

ESTATES OF DECEASED PERSONS—SALE OF REAL PROPERTY—OPPOSITION
    BY FOREIGN EXECUTOR UNAUTHORIZED.—The foreign executor of a
    will cannot maintain in the courts of this state an opposition to a
    petition of the administrator with the will annexed for the sale of
    real property belonging to the nonresident deceased situated within
    this state.

ID.—OPPOSITION BY TRUSTEE OF EXPRESS TRUST AUTHORIZED.—A trus-
    tee of an express trust in the land proposed to be sold, has an in-
    terest sufficient to entitle him to oppose the petition of an adminis-
    trator for the sale thereof.

ID.—TRUST FOR BENEFIT OF TESTATOR'S CHILDREN — PERPETUITIES.—A
    trust created by a will for the benefit of the children of the testator
    to vest an undivided one-sixth part in each child when it shall have
    attained the age of thirty years, and providing that if either or any
    of the children should not be living at the testator's death, or die
    before attaining the age of thirty years, his share should fall into
    the estate and trust, the portions of the surviving children being
    thereby equally increased, is not void as being in violation of section
    715 of the Civil Code, declaring against perpetuities.

ID.—ORDER DIRECTING SALE—LACK OF NECESSITY.—An order directing a
    sale of real property upon the application of the administrator with
    the will annexed is erroneous, where the nonresident trustee holding
    title to the property offered to remove all necessity for the sale,
    and to pay the expenses of administration by depositing the funds
    therefor in court.

ID.—NOTICE OF APPEAL FROM ORDER—CAPACITY OF APPELLANT.—Where
    the petition for the sale of real property of a deceased person is
    opposed by a person both in his capacity as foreign executor and
    nonresident trustee under the will, a notice of appeal from the order
    of sale which describes the opponent as executor may be consid-
    ered as an appeal in both capacities.   The descriptive words follow-
    ing the name are not a limitation of the character in which it takes
    the appeal.

APPEAL from an order of the Superior Court of Alameda
County directing a sale of real property.   Wm. S. Wells,
Judge.

The facts are stated in the opinion of the court.

Walter R. Bacon, for Appellant.

E. K. Taylor, for Respondent.

SHAW, J.—This is an appeal from an order directing the sale of real estate.

The appellant, First Trust Company of Omaha, is the executor of the last will of the decedent, duly appointed as such by the county court of Douglas County, state of Nebraska, and had entered upon its duties as such executor. The property of the decedent, including that here in controversy, is given by the will to said First Trust Company of Omaha as trustee in trust, for certain purposes hereinafter stated. The respondent is the administrator with the will annexed of the estate of the decedent, appointed by the superior court of Alameda County, in which county the land involved is situated.

The administrator, in his petition, asked for the sale of the land on the ground, first, that it was necessary for the payment of the debts of the decedent, and, second, that it was for the advantage, benefit, and best interest of the estate and those interested therein that the same should be sold. The First Trust Company of Omaha filed opposition to this petition on the ground that there were no debts, that it was not to the best interest of the persons interested in the estate that the property should be sold, and that the First Trust Company of Omaha, as executor of said estate, had on hand sufficient moneys to pay all debts, legacies, and expenses of administration of the estate both in Nebraska and California, including the expenses incurred by the petitioner in the administration thereof up to the date of final settlement, and offered to deposit in court sufficient funds for that purpose. The court, after hearing the evidence, found in favor of the petitioner and ordered that the property be sold at private sale for cash.

The respondent makes the preliminary objection that the First Trust Company of Omaha, as executor of the will of said decedent, cannot act as such in this state and cannot maintain in court, in that representative capacity, an opposition to the proposed sale or otherwise assert as a litigant rights or interests in the property of decedent situated in this state. This objection must be sustained. "The au-

thority of an executor or administrator does not extend beyond the jurisdiction of the state or government under which he is invested with his authority.'' A foreign executor may receive property voluntarily given to him, but he cannot by suit in the courts of this state enforce the right of the estate thereto. (*McCully* v. *Cooper*, 114 Cal. 264, [46 Pac. 1113]; *Fox* v. *Tay*, 89· Cal. 348, [23 Am. St. Rep. 474, 24 Pac. 855, 26 Pac. 897]; *Murphy* v. *Crouse*, 135 Cal. 19, [87 Am. St. Rep. 90, 66 Pac. 971].)

The appellant, however, in its opposition to the petition for sale, appeared both in its capacity as executor of the estate of the decedent and in its capacity as trustee of the express trust declared in the last will of the decedent. The will contains a direct devise and bequest to the trustee empowering it to take the property immediately for the purposes of the trust. Such a disposition vests at the time of the death of the testator. (Civ. Code, sec. 1341; *Estate of O'Connor*, 2 Cal. App. 475, [84 Pac. 317]; *Williams* v. *Williams*, 73 Cal. 102, [14 Pac. 394].) In its capacity as trustee the appellant has a vested interest in the property of the estate, and the terms of the trust impose upon it the duty of protecting that property from all unnecessary expenses and claims. There can be no doubt that in that capacity it had power to oppose the petition for sale, and has the right of appeal to this court from an adverse decision thereon.

The respondent further contends that, even if this be true, it has no application to the present case, because, as he claims, the trust declared in the will is void. If the trust is void, it would necessarily follow that the trustee named in the will would have no power or authority to act concerning the property attempted to be given to it in trust. It therefore becomes necessary to consider the merits of the claim that the trust is invalid. The point urged against its validity is that it violates the law of this state against perpetuities. Section 715 of· the Civil Code provides: ''The absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition, except in the single case mentioned in section seven hundred and seventy-two.'' The exception mentioned in section 772 has no application to the present case and need

not be noticed further. We proceed to state briefly the terms of the will relating to the subject.

The original will of the decedent was executed January 2, 1912. Thereafter he married one Nona R. Keeline. By a codicil thereafter made he reaffirmed the provisions of the will and made provision for his wife in accordance with an antenuptial agreement between them. A son was born to them from this marriage and now survives. This explanation is necessary because the original will speaks of dividing the estate among the children then born in shares of one-fifth each, and the codicil provides that a later born child shall come in, making the shares only one-sixth each.

After directing the payment of his debts and funeral expenses, the will gives all the residue and remainder of his estate of every kind and nature to the First Trust Company of Omaha, "in trust to be held and managed by it as trustee as hereinafter provided." It then proceeds to give the trustee power to manage and control the trust estate, sell, transfer, or convey it at its discretion, to buy personal property, and to buy real property when necessary for the foreclosure of liens, and to invest the assets and keep them invested so as to produce a regular income, but not to incur any indebtedness or encumber the estate. Also to supplement, if necessary, certain *ante-mortem* provisions he had made for his children for their maintenance and education, in case such provisions should be found inadequate. It is to be particularly observed that no time is fixed for the duration of this trust. Following these provisions the will declares that all of the estate, both real and personal, so held in trust by said trustee, shall vest in and go as follows:

"To my beloved son, Earl Arthur Rawitzer, if he shall survive me and attain the age of thirty years, I give and bequeath an undivided one-fifth part of said property absolutely and in his own right, including therein any advancement for the support, maintenance or education, that may have been made to him under the ninth division of this instrument." (The word "ninth" is mistakenly inserted instead of "eighth.")

Then follow provisions in identical language for the other four sons who were living at the date of the execution of the original will. The tenth clause is as follows:

"And I further will and direct that if either or any of my sons shall not be living at my death or shall die before attaining the age of thirty years, the portion or portions hereinabove conditionally devised to him or them shall fall into my estate in trust and go as the other property, the portions of my surviving sons being thereby increased equally."

It appears that at the death of the decedent the youngest son, the child of the last marriage, was about one year old. The contention is that the foregoing provisions suspend the power of alienation of the property until that child shall arrive at the age of thirty years, or at all events longer than the lives of persons in being at the death of the testator. This claim is untenable. The gift to each child is upon a condition precedent. The child receives nothing except upon the condition that he survives the testator and attains the age of thirty years. All survived the testator, so that condition is fulfilled as to all. But any one of them may fail to attain the age of thirty years. In that case the gift to him would fail and, under the tenth paragraph, his share would fall into the residue and the share of each remaining child would be increased proportionately. This would happen with each successive death within the thirty years until the last survivor would have a contingent right to, or a conditional estate in, the whole estate. If all of them died before attaining the age of thirty years, all of the gifts to his children would fail. There would be up to that time no suspension of the absolute power of alienation beyond the continuance of the lives in being at the creation of the limitation, and, consequently, there would be no violation of section 715. It follows that there can be no violation of that section, unless, by the terms of the disposition to the trustee, its estate would continue after the death of all the children before arriving at the age of thirty years. This is the only theory upon which it can be maintained that there is any suspension of alienation beyond the lives of persons in being at the time of the creation of the trust. But under our law regulating the subject of trusts and under the provisions of this will there would be no continuance of the trust after the death of the last beneficiary. Section 866 of the Civil Code provides that: "Where an express trust is created in relation to real property, every estate not embraced in the trust, and not otherwise disposed of, is left in the author of the

trust or his successors." Section 871 provides that: "When the purpose for which an express trust was created ceases, the estate of the trustee also ceases." This is in accordance with a well-established principle of the law of trusts. (2 Perry on Trusts, sec. 920; 39 Cyc. 97; 28 Am. & Eng. Ency. of Law, 945.) There is, as we have seen, no provision in this will for the continuance of the trust beyond the period of the lives of the children in case they should all die before reaching the age of thirty years. The only purpose of the trust is to preserve the property and keep it in income producing condition until the time comes when the respective shares vest in the children under the terms of the will. As soon as that has occurred by the successive attainment of the age of thirty years of the respective children, or is made impossible by the death of all of them before attaining that age, the entire purpose of the trust is subserved, and under the provision of section 871 the trust and the estate of the trustee would immediately cease. The consequence of the last-mentioned situation, that is, of the death of all the children under thirty years of age, would be that the remainder of the estate would be left undisposed of and would vest in the descendants of the testator according to the law of succession in the particular state where it is situated, or, with respect to personal property, the law of Nebraska, where the testator resided at his death. The estate of the trustee would cease and the suspension of the power of alienation would terminate immediately upon the death of the last child. It follows that the trust cannot be declared void upon these grounds and that the trustee, in its trust capacity, is sufficiently interested to oppose the sale and to maintain this appeal.

A still further objection is made that the notice of appeal is not taken by it in its capacity as trustee, but solely and only in its capacity as executor. The notice reads: "The First Trust Company of Omaha, the executor of the last will and testament of the said Albert H. Rawitzer, deceased, hereby appeals to the supreme court." The notice is signed by "W. R. Bacon, Attorney for the First Trust Company of Omaha, executor of the last will and testament of Albert H. Rawitzer, deceased." The opposition to the sale is made, as before stated, by the trustee in both capacities and it is signed "W. R. Bacon, Attorney for First Trust Company of Omaha, Executor and Trustee, Opponent." The objection is

extremely technical, and we think the notice should be regarded as sufficient to show that the First Trust Company of Omaha appeals from the order complained of. The statement following its name in the body of the notice, characterizing it as the executor of the last will of the decedent, is a description of the person, and not a limitation of the character in which it takes the appeal. The appeal is to be considered as an appeal by the First Trust Company of Omaha in any capacity it had which entitled it to take such appeal.

The petition for sale alleged that the estate was indebted in the sum of forty dollars. The schedule shows that this forty dollars consisted entirely of city and county taxes. It was further shown that the expenses of administration to accrue would amount to four hundred and forty-seven dollars, the main items being one hundred and ninety dollars each as compensation for the administrator and his attorney for their services in the administration of the estate. The evidence shows that the taxes had all been paid and that at the time of the hearing there were neither taxes nor debts of any description existing against the estate situated in California, nor any claims, except the expenses of administration. It further appeared that the First Trust Company of Omaha, as executor, had money in its hand more than sufficient to pay all debts of the estate, all expenses of administration, and all legacies and other charges against the estate, including all debts and expenses of administration that would accrue in the course of administration in California. It offered to deposit in court, at any time upon an order of the court, a sum sufficient to meet all the said expenses of administration, and stated that it was its purpose, as trustee and as executor, to keep the property intact for the present and sell it from time to time when a sale could be made to the best advantage, after the distribution of the estate, and to avoid the sale of property for the purpose of paying debts, and that no sale for that purpose would be necessary. The evidence showed that the land consisted of an unimproved, unfenced lot in the city of Alameda, that it was worth five thousand dollars and produced no income, and that Alameda city lots had been of slow sale for two years past. There was no evidence as to the probable state of the market, or as to probable future values of real estate, or that this lot was depreciating or would depreciate in value, or was liable to waste or damage.

We think the court erred in directing a sale. There were no debts or claims against the estate. The Trust Company offered to remove all necessity for a sale to pay the expenses of administration by depositing in court the funds necessary for that purpose. If it had failed to do so when directed, the court could then have properly ordered a sale for that purpose. But it is not claimed that the trustee was not acting in good faith, and the evidence showed that it had the ability to deposit the fund if it had been directed to do so. Unless other reasons for a sale existed, the court should have accepted its offer and ordered it to deposit the money.

There was an utter lack of showing that it would have been for the advantage, benefit, or best interests of the estate or of the interested parties to have the property sold by the administrator. The testator owned property in several different states of an aggregate value exceeding sixty thousand dollars. By his will he gave it all to the Trust Company, in trust, to be held and managed until all the children should reach the age of thirty years, giving to each child his equal share upon his arrival at that age, and provided that the trustee should in the meantime have power to sell and convey any or all of it, in its discretion, and should invest the proceeds and other assets so as to produce a regular income. He further declared therein that his purpose in creating such trusteeship was "that said property shall remain intact in the management of said trustee and that by the exercise of a sound discretion and the utmost good faith, the trustee may cause said property to produce a reasonable rate of income." It was shown that the expectation and belief of the Trust Company was that in the course of the years to elapse before the trust expired the Alameda lot would increase in value and that its purpose was to avoid forcing the property to a sale or sacrifice it on a dull market, and to sell it only when the state of the market would justify that course. This would certainly be the wisest policy to pursue in dealing with the property, and it accords with the will of the testator. Earl A. Rawitzer, the oldest child, will become thirty years of age in 1918. If he survives, his contingent interest or share will then become a vested estate in possession. He will thereupon be a tenant in common with the Trust Company, equally entitled to the possession of the lot, and he will also be entitled to receive his share of the other property of the estate. But these

contingencies do not furnish reasons for an immediate sale contrary to the judgment of the trustee. The trustee may in the meantime make an advantageous sale of the lot. Its power to sell the other interests thereafter will remain and Earl will of course have the power to dispose of his interest. No facts were proven or have been suggested tending to show that a sale could not be made thereafter as conveniently as before. The testator must be presumed to have foreseen these contingencies and to have had them in mind when he provided that the entire estate should remain intact in the management of the trustee, and they furnish no reason for interfering with the plan of the testator by substituting the wish of the child and the power of the probate court for the discretion which the testator gave the trustee to determine the time, terms, and conditions of sale. The administrator who asks power to sell real property and thereby take it permanently from the control and management of the heirs or devisees must show good cause therefor. His mere desire is not enough. As there was no cause shown, the petition for a sale should have been denied.

We see no reason to question the capacity of the Trust Company to take, manage, and dispose of the property. It was shown that it was empowered by the laws of Nebraska, under which it was organized, to act as trustee in that capacity. It is not prohibited from doing so by the California act of March 18, 1907. (Stats. 1907, p. 562.) That act, even if it would otherwise have that effect, by its terms applies only to domestic corporations organized to act as administrator, receiver, trustee, and the like. It does not affect the power of foreign corporations to take property devised to them by will. The will has been probated here. It operates upon the real estate by the force of our laws, and the lot will be distributed to the Trust Company by the superior court of this state. It will not have the status of a trustee appointed by the courts of another state to sell real property in this state, and therefore no complications or doubts as to its powers can arise on that account. After distribution the trust will still be subject to the jurisdiction of the superior court. (Code Civ. Proc., sec. 1699.) It is not claimed that it had not complied with our laws governing the right of foreign corporations to do business in this state. If it has not done so and the objection is raised, it will doubtless be able to comply

therewith, if such compliance is necessary to enable it to dispose of this lot, as to which we express no opinion.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.