[Civ. No. 2348.  Fourth Appellate District.—May 16, 1940.]

MARY ALVEZ et al., Minors, etc., Respondents, v. T. TOP-RAHANIAN, Appellant.

Edward B. Patterson for Appellant.

Hickcox & Provence for Respondents.

BARNARD, P. J.—This is an action on a promissory note. The complaint, as filed, named as plaintiff in the caption "F. J. Gianola, Guardian of the Estates of Mary Alvez, Marguerite Alvez and Joaquin Alvez, Minors". Paragraph I of the complaint alleged that F. J. Gianola was, by an order duly given, made and entered on a certain date, appointed guardian of the estates of these minors, giving their names, and that ever since said date he has been and now is, the duly appointed, qualified and acting guardian of the estates of said minors. Paragraph II set forth a copy of the note in question, which was payable to F. J. Gianola, and alleged its execution. Paragraph III alleged that thereafter and before the note became due the said F. J. Gianola, for a valuable consideration, sold and assigned said note to this plaintiff, who is now the owner and holder thereof. Paragraph IV alleged

nonpayment and that the entire amount of the note, principal and interest, is due, owing and unpaid from the defendant to the plaintiff.

A demurrer to this complaint was sustained and an amended complaint was filed naming as the plaintiffs "Mary Alvez, Marguerite Alvez and Joaquin Alvez, Minors, by F. J. Gianola, Guardian of their Estates", and making minor corrections in the body of the complaint. A motion to strike this amended complaint on the ground that it changed the party plaintiff from his individual capacity to his official capacity as guardian was denied. A demurrer to the amended complaint was overruled and the defendant answered, setting up as special defenses that there was no consideration for the note and that the cause of action was barred by the statute of limitations. A jury returned a verdict in favor of the plaintiffs. A motion for judgment notwithstanding the verdict and a motion for a new trial were denied. The defendant has appealed from the judgment and from "that certain order herein denying his motion for a new trial, and from all other appealable orders made and entered in said action". The appeal is presented on a clerk's transcript alone.

The appellant's first contention is that the court erred in denying his motion to strike the amended complaint. The claim is that the original complaint was filed by Gianola individually at a time when he had no interest in the subject-matter of the action, that the amended complaint substituted an entirely different plaintiff and thereby set up a different cause of action, and that the statute of limitations had run after the filing of the first complaint and before the amended complaint was filed. The appellant relies upon *Fox* v. *Minor*, 32 Cal. 111 [91 Am. Dec. 566], *Dubbers* v. *Goux*, 51 Cal. 153, *Sterrett* v. *Barker*, 119 Cal. 492 [51 Pac. 695], and *Dixon* v. *Cardozo*, 106 Cal. 506 [39 Pac. 857].

In *Fox* v. *Minor, supra,* the action was ordered dismissed on similar grounds with suggestions for the guidance of the court in a new action. However, that action was on the strict provisions of a bond, the court strictly applied the provisions of the Practice Act, and there was a dissenting opinion to the effect that instead of dismissing the action the filing of an amended complaint should be permitted. In *Dubbers* v. *Goux, supra,* it was held that to permit the substitution of a wife for her husband as plaintiff, when she had at all times

been the only party in interest, would be to permit the filing of a new and distinct cause of action. In *Sterrett* v. *Barker, supra,* it was held that the complaint did not state a cause of action against a certain estate and that it could not be amended to set up a cause of action against the executor individually as this would be a different suit. In *Dixon* v. *Cardozo, supra,* after the plaintiff became insane, a guardian was appointed and an amended complaint filed by this person as guardian of the estate of the insane person. The judgment was reversed because the action should have been prosecuted in the name of the insane person by his guardian, but the court refused to dismiss the action, saying: "Such a result should be avoided, if possible, not only because of the expense and delay, but because it might result in the loss of meritorious claims through the operation of the statute of limitations." It will be noted that in that case an attempt had been made to set up a cause of action for the estate of the incompetent, and it was held that an amendment should be allowed.

In *Lindsey* v. *Superior Court,* 100 Cal. App. 37 [279 Pac. 837], the court said:

"That the ward rather than the guardian should have been named as plaintiff is well settled (*Fox* v. *Minor,* 32 Cal. 111 [91 Am. Dec. 566]; *Dixon* v. *Cardozo,* 106 Cal. 506 [39 Pac. 857]); but, as held in the case last cited, which is similar in its facts, the order substituting the guardian, though erroneous, was manifestly not intended as a dismissal of the action as to the incompetent plaintiff and should not be given that effect."

In that case, the court quoted with approval from *Nisbet* v. *Clio Min. Co.,* 2 Cal. App. 436 [83 Pac. 1077], as follows:

" 'Courts under the reformed system of procedure look to the substance of things rather than to form, and to persons and things rather than to mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure (*Anglo etc. Co.* v. *Turner Casing Co.,* 34 Kan. 340 [8 Pac. 403, 404]). That system was designed to enable courts of justice to brush aside technicalities affecting no substantial right, and decide cases upon the merits. In the case at bar the body of the complaint clearly indicated that the intention was to sue the Clio Mining Company and recover upon its debt, and the parties appearing in that action could not close their eyes to substantial facts and rely upon mere

technical omissions in the caption or title of the case . . . ' "

In *Cox* v. *San Joaquin Light etc. Co.*, 33 Cal. App. 522 [166 Pac. 578], the action was brought by the widow of the deceased in the wrong capacity. After the statute of limitations had run, an amendment was permitted substituting the widow, in her correct capacity, as plaintiff. It was contended on appeal that a complete change in the cause of action had resulted. The court held against that contention and quoted with approval from *Reardon* v. *Balakala Consol. Copper Co.*, 193 Fed. 189, the following:

" 'It should be borne in mind that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which she sues, . . . This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than substance, and in the interest of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy. . . . ' "

A somewhat similar holding is to be found in *Security T. & S. Bank* v. *Southern Pacific R. R. Co.*, 214 Cal. 81 [3 Pac. (2d) 1015], where the court said:

"The amendment did not substitute a new cause of action and did not prejudice the rights of defendant. We think that the trial court was clearly justified in permitting the amendment under the liberal rules prevailing in this state."

In those cases in this state in which it has been held that a pleading may not be amended by correcting or inserting the name of a party it will usually be found that no attempt was made in the original pleading to state a cause of action with respect to the party brought in by the amendment. (See *Gates* v. *Wendling Nathan Co.*, 27 Cal. App. (2d) 307 [81 Pac. (2d) 173].) ▇ The general rule is that where a *bona fide* attempt is made to state a cause of action which has failed because of some imperfection the defect may be remedied by amendment so that the amended pleading will relate back to the date of the original pleading and avoid the running of the statute of limitations in the *interim*. (*Ruiz* v. *Santa Barbara Gas etc. Co.*, 164 Cal. 188 [128 Pac. 330]; *Rauer's Law etc.*

*Co.* v. *Leffingwell,* 11 Cal. App. 494 [105 Pac. 427].) In *Ruiz* v. *Santa Barbara Gas etc. Co., supra,* it is said: "If the amended complaint did not attempt to set up a new and different cause of action from that attempted to be set up in the original complaint, there is nothing in the contention made by respondent based upon the statute of limitations. Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of matters essential to make the original cause of action complete, the amendment, though made after the expiration of the period of limitation, relates back to the time of the commencement of the action."

In the instant case, there was but one obligation which was owed by the appellant to the respondents and F. J. Gianola, in his individual capacity, did not claim to own this obligation. He alleged that he had parted with title to the note as far as he himself was concerned, and attempted to allege in the body of the original complaint that he had sold and assigned the note to the estate of the minors, who then owned it, and that the money was owed to these estates, of which he was guardian. While the original complaint was faulty, including the caption, an attempt was made therein to allege a cause of action in favor of the estates of the minors. The amendment made no change in the substance of the action, the only change being to correctly set forth the real plaintiffs for whom the original complaint had attempted to set forth a cause of action. The amended complaint merely cured a technical error and did not set forth a new or different cause of action, but continued the same action upon the same obligation. The amendment permitted was one as to form only and not as to substance and, in our opinion, was properly allowed by the trial court.

The appellant further contends that the amended complaint failed to state a cause of action because it alleged that the note, which had been given to F. J. Gianola individually, was sold and assigned by him "to F. J. Gianola, as Guardian of the Estates of the plaintiffs herein, for the use and benefits of said plaintiffs, and as a part of their estates", and that such a transaction between himself as an individual and himself as a guardian was absolutely void. The execution of the note, the assignment thereof, and the appointment of the

guardian were all admitted by the answer to the amended complaint. While the appellant pleaded a lack of consideration, the jury found against him on this issue and he has not seen fit to seek a review of the evidence on this appeal.

The appellant's argument in this connection is more novel than convincing. In arguing that the assignment of this note was absolutely void he relies on *Sims* v. *Petaluma Gas Light Co.*, 131 Cal. 656 [63 Pac. 1011], in which it was said that the rule that a trustee may not take part in any transaction in which he has an interest adverse to that of his beneficiary is much older than the codes. From that he argues that section 2235 of the Civil Code has no application here. In a concurring opinion in the case just cited, it was pointed out that the rule that a trustee cannot deal with his beneficiary was too broadly stated in the main opinion in that recognition was not given to established exceptions. Section 1400 of the Probate Code provides that the relation of guardian and ward is subject to the provisions of law relating to trusts. One of these provisions is section 2235 of the Civil Code. In commenting upon the meaning and effect of that section the Supreme Court, in *Papineau* v. *Security-First Nat. Bank,* 6 Cal. (2d) 668 [59 Pac. (2d) 131], said:

" . . . the presumption declared in the code section is obviously for the protection of the beneficiary against his trustee. It makes the transaction voidable by the beneficiary unless fairness is proved, but it permits the beneficiary to approve and enforce a transaction which is fair and reasonable. Plaintiff's theory that a stranger, antagonistic to both the trustee and beneficiary, can rely upon the presumption and thereby defeat a transaction which the beneficiary affirms, is entirely contrary to the purpose of the statutory rule, and is not the law. (See 1 Perry on Trusts, 339, sec. 198; *Bowles* v. *Bowles,* 141 Va. 35 [126 S. E. 49].)"

While, without doubt, the assignment of this note could have been set aside on behalf of the minors, neither the general rule relied on by the appellant nor any other provision of law of which we are aware will compel the setting aside of that assignment in order to permit a third party debtor to evade an honest debt and thereby deprive the estates of minors of assets which have been paid for from the estates, and which they desire to retain.

The attempted appeal from the order denying the motion for a new trial is dismissed. The judgment and orders appealed from are affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 15, 1940.