Filed 10/26/23  Brown v. Mortensen CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ROBERT A. BROWN et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>STEWART MORTENSEN,<br><br>    Defendant and<br>    Respondent. | B318640<br><br>(Los Angeles County<br>Super. Ct. No. BC289546) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Affirmed.

Law Offices of Lyle F. Middleton and Lyle F. Middleton; Law Offices of Robert A. Brown and Robert A. Brown for Plaintiffs and Appellants.

Dentons US and Steven A. Watkins for Defendant and Respondent.

_____

Appellant Robert A. Brown and his daughters, appellants Kirsten Brown and Kayla Brown, appeal from the court's dismissal of their lawsuit against respondent Stewart Mortensen, first filed over 20 years ago in January 2003. This case was last before this court in 2019; we reversed the trial court's judgment and a remittitur was filed in March 2019. In December 2021, the trial court dismissed the Browns' case under Code of Civil Procedure section 583.420, subdivision (a)(3)(C), permitting the discretionary dismissal of a case that is not brought to trial within two years of the judgment being reversed and the remittitur being filed.[1]

According to the record below, Mortensen has suffered from dementia since September 2020 and is incapable of making legal decisions. Additionally, the Browns claim that the court continued their trial date several times from March 2020 to September 2021 due to COVID-19. Therefore, on appeal, the Browns contend the court erred in calculating that two years had elapsed since the remittitur was filed because it was required to exclude from its calculation: (a) the period between September 2020 and November 2021, when the court appointed a guardian ad litem for Mortensen, because the court lacked jurisdiction during that time; and (b) the period between March 2020 and September 2021. We conclude that: (a) the court never lost jurisdiction; and (b) the Browns are not entitled to exclude any time period in which trial was continued for COVID-19 because they failed to demonstrate both that those continuances affected

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

their trial preparation and that they had exercised reasonable diligence in proceeding to trial.  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.    *Background*

In January 2003, the Browns filed a complaint against Mortensen and others for allegedly disclosing the Browns' confidential medical information in violation of the Confidentiality of Medical Information Act.  Neither the initial complaint nor any of its later iterations are part of the record on appeal but, according to opinions we have issued in the Browns' previous appeals, the gist of their complaint seems to be that Mortensen, a debt collector, disclosed information contained in the Browns' dental charts while trying to collect on a debt allegedly owed by Robert Brown to some dentists.

For the past two decades, this case has traveled through the various tiers of our court system.  The case was last before us in 2019—we reversed the judgment and the trial court clerk filed a remittitur on March 5, 2019.[3]

### B.    *Trial Dates Continued After Remittitur*

On March 14, 2019, the court set a jury trial for September 30, 2019.  On September 13, 2019, the parties stipulated to continue trial to March 2020 for two reasons: (1) Robert Brown (an attorney) had a trial set for September 16, 2019, and then another for September 30, 2019; and (2) Mortensen was "not

---

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

[3] The details of that appeal are not pertinent to this appeal.

3

presently available for trial due to an expected protracted confidential medical condition." The court continued trial to March 16, 2020, and set a final status conference for March 5, 2020.

At the final status conference, a request was made to continue trial—the record does not disclose who made the request—and the court continued the final status conference to April 6, 2020. Four days later, the court, on its own motion, also continued trial to April 6.

On March 18, 2020, on its own motion, the court continued trial to May 1, 2020, due to the COVID-19 pandemic. On March 26, 2020, again due to the pandemic, the court continued trial on its own motion to August 17, 2020.

On July 10, 2020, the Presiding Judge of the Los Angeles Superior Court issued a general order providing that: "All Civil jury trials, including Unlawful Detainer trials, scheduled from **July 10, 2020 to August 8, 2020**, inclusive, are continued" and that, excepting unlawful detainer trials, "the Court will not set any Civil jury trials to commence before January 2021." (Super. Ct. L.A. County, Gen. Order No. 2020-GEN-019-00 (July 10, 2020), p. 6, lns. 7–15, emphasis in original.)

On August 6, 2020, the court issued a minute order stating that it was "in receipt of a Stipulation to Vacate Trial Date and Set Date for Trial Setting Conference" and "[p]ursuant to [the] written stipulation," the court was vacating the August 17, 2020 trial date and setting a trial setting conference for March 24, 2021.[4]

---

[4] Although the stipulation is not in the record, the case register indicates such a stipulation was filed on August 3, 2020.

On August 10, 2020, the Presiding Judge of the Los Angeles Superior Court issued a general order providing that: "All unlimited and limited Civil jury trials . . . scheduled from **August 10, 2020 to September 8, 2020**, inclusive, are continued until further notice" and that, excepting unlawful detainer trials, "the Court will not set any Civil jury trials to commence before January 2021." (Super. Ct. L.A. County, Gen. Order No. 2020-GEN-020-00 (August 10, 2020), p. 10, lns. 4–12, emphasis in original.) On October 9, 2020, the Presiding Judge of the Los Angeles Superior Court issued a general order providing that: "All non-preference civil jury trials may commence on or after January 4, 2021." (Super. Ct. L.A. County, Gen. Order No. 2020-GEN-023-00 (October 9, 2020), p. 10, ln. 4.)

On March 24, 2021, after the parties discussed the status of the case with the court, the court set trial for September 20, 2021.

In or around August 2021, Mortensen apparently filed an ex parte application to continue trial.[5] In a response, the Browns conditionally agreed to a "brief continuance of trial" if Mortensen would submit a "Capacity Declaration" and if "some person who meets the . . . qualifications of Code of Civil [Procedure] §372 will soon file a Petition For Conservatorship or Guardian *Ad Litem*." The Browns added that Robert Brown was scheduled for surgery on September 14, 2021, and would be unavailable for a jury trial on September 20, 2021, and that he was trying to postpone his surgery until after he received a COVID-19 booster vaccine.

---

[5] The ex parte application is not in the record, nor is there an entry for it in the superior court case register included in the record. In the Browns' response, they described the application as "represent[ing] to the court that [Mortensen] lacks capacity."

5

**C.** *The Court Asks Why the Case Should Not Be Dismissed for Failure to Prosecute*

The court granted Mortensen's application in part, vacating the trial date and setting a trial setting conference for September 17, 2021. The court also scheduled for November 21, 2021, an order to show cause on why the case should not be dismissed for failure to prosecute.

On September 17, 2021, the court ordered Mortensen's counsel to file by October 18, 2021, an application for appointment of a guardian ad litem or, alternatively, that the parties stipulate by November 1, 2021, to the appointment of Mortensen's wife as his guardian ad litem. The court continued the trial setting conference and the OSC re dismissal to December 7, 2021.

On October 22, 2021, Mortensen filed a brief in response to the court's order to show cause. He claimed that his dementia-induced incapacity was irrelevant to the Browns' lack of prosecution because the incapacity was easily remedied by an application for a guardian ad litem, as filed by Mortensen's wife a week prior.[6] Mortensen further added that the Browns had been aware of his condition since September 2019. Supporting this brief was a declaration from Mortensen's attorney attaching, among other documents: (1) a September 14, 2020 letter from Mortensen's doctor, stating he suffered from dementia and was no longer able to make decisions on legal matters; and (2) correspondence between Mortensen's attorney and Brown in September 2019, and in February 2020. The September 2019 correspondence included a statement from Mortensen's attorney

---

[6] The court granted the application on November 9, 2021.

6

that Mortensen had undergone brain surgery in June 2018 and "his memory is now intermittent and [he] will not be able to handle the travel and attendance at trial," and a statement that Mortensen's attorney "wish[ed] to read his prior trial testimony into the record." In response, Brown tersely replied: "Attached: Stip Continue Trial." Mortensen's counsel elaborated in his declaration that Brown's response "was only that they needed to continue trial anyway and did not want to address the unavailability issue at this time."[7] In February 2020, Mortensen's counsel again communicated to Robert Brown that they needed to "discuss the upcoming trial, including the unavailability of Stuart [*sic*] Mortensen." The record does not disclose what reply was made, if any.

On November 22, 2021, the Browns filed their own brief in response to the court's OSC. They claimed that "[t]he time period from March 9, 2020 until September 20, 2021 is not included in any period of time to bring the case to trial because this period was the product of successive court orders continuing trial based on COVID." They contended additionally that "the court has lacked personal jurisdiction of defendant, Stewart Mortensen, since at least September 14, 2020, i.e., the date by which [Mortensen's doctor] expressly stated that Stewart Mortensen 'has dementia and is no longer able to make decisions on . . . legal matters.'" Therefore, they concluded, "[t]he record in this case is that, except for about a six month period from March 5, 2019 until September 12, 2019, there is no time that would be included

---

[7] As discussed above, the stipulation filed two days later stated that the Browns needed to continue trial because Robert Brown was set to commence trial on both September 16, 2019, and on September 30, 2019.

for purposes of discretionary dismissal." On December 1, 2021, Mortensen filed a response, reiterating his previous arguments.

### D.   *The Trial Court Dismisses the Case*

On December 7, 2021, the court dismissed the case "for failure to prosecute pursuant to Code Civ. Proc., §§ 583.410(a) and 583.420(a)(3)(C)." The court found it was the Browns' burden to justify their delay in bringing the case to trial and faulted them for failing to "file any accompanying declarations or submit any admissible evidence in support of their opposition. Nor did Plaintiffs request judicial notice of any relevant facts. As such, Plaintiffs have not met their burden of justifying their delay in bringing their action to trial."

The court then considered the "relevant [California Rules of Court] Rule 3.1342(e) factors"—the court considered subdivisions (e)(1), (e)(5), (e)(6), (e)(7), (e)(8), (e)(9), and (e)(10)—and concluded they all favored dismissal.[8] As to the Browns' argument that

---

[8] California Rules of Court rule 3.1342 is entitled "Motion to dismiss for delay in prosecution." Subdivision (e) provides that "In ruling on the motion, the court must consider all matters relevant to a proper determination of the motion, including: [¶] (1) The court's file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; [¶] (2) The diligence in seeking to effect service of process; [¶] (3) The extent to which the parties engaged in any settlement negotiations or discussions; [¶] (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; [¶] (5) The nature and complexity of the case; [¶] (6) The law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the
*(Fn. is continued on the next page.)*

delays were caused by COVID-19, citing the Presiding Judge's October 9, 2020 general order, the trial court noted that "jury trials in civil matters were permitted as early as January 2021." As to their argument that the court lacked jurisdiction over Mortensen due to his incapacity, the court found the Browns had been aware of Mortensen's condition since September 2019 and did nothing to address it; the court noted the problem was "easily cured by appointing a guardian ad litem, which this Court eventually did on November 9, 2021." The court also noted that, due to a bankruptcy filed by Mortensen, the Browns were permitted "to proceed against available insurance only, and not against Defendant's personal assets" and "Defendant represents that the insurance policy has been exhausted." Finally, the court noted Mortensen's inability to testify and concluded that "Given the limited recovery available to Plaintiffs, Defendant's incapacity, the fading recollections of any percipient witnesses, and for all the other reasons stated herein [i.e., that the Browns had failed to submit any evidence to support their opposition; that the Rule 3.1342(e) factors favored dismissal; and that the Browns did nothing to bring their case to trial despite the fact that COVID-19 only delayed civil trials until January 2021 and despite the fact that the Browns knew about Mortensen's incapacity since September 2019], the Court finds that a trial

---

legal or factual issues in the case; [¶] (7) The nature of any extensions of time or other delay attributable to either party; [¶] (8) The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; [¶] (9) Whether the interests of justice are best served by dismissal or trial of the case; and [¶] (10) Any other fact or circumstance relevant to a fair determination of the issue."

would not serve the interests of justice." The court therefore dismissed the case for failure to prosecute. The Browns timely appealed.

## DISCUSSION

"The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion . . . if to do so appears to the court appropriate under the circumstances of the case." (§ 583.410, subd. (a).) However, "[t]he court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] . . . [¶] (3) A new trial is granted and the action is not again brought to trial within the following times: [¶] . . . [¶] (C) If on appeal . . . a judgment is reversed and the action remanded for a new trial, within two years after the remittitur is filed by the clerk of the trial court." (§ 583.420, subd. (a)(3)(C).) The times provided "shall be computed in the manner provided for computation of the comparable times under Articles 2 (commencing with Section 583.210) and 3 (commencing with Section 583.310)." (§ 583.420, subd. (b).)

Article 3 is entitled "Mandatory Time for Bringing Action to Trial or New Trial" and section 583.340 therein provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶]

10

(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."[9]

"[I]n determining whether the impracticability exception [of section 583.340, subdivision (c)] applied, the court must find the following three factors: (1) a circumstance of impracticability; (2) a causal connection between that circumstance and the plaintiff's failure to move the case to trial; and (3) that the plaintiff was reasonably diligent in moving the case to trial.  The plaintiff has the burden of proving these factors."  (*De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th 365, 372.)

The Browns argue the trial court erred in failing to exclude from the two-year calculation: (a) the period between September 14, 2020 (when Mortensen's doctor stated he lacked capacity) and November 9, 2021 (when the court appointed a guardian for Mortensen) because the court lacked jurisdiction during that time period; and (b) the period between March 9, 2020, through September 20, 2021, because that delay was caused by court orders to continue the trial due to COVID-19.

When the trial court has ruled on a motion brought under section 583.420, " ' " ' "unless a clear case of abuse is shown and unless there has been a miscarriage of justice[,] a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." ' [Citations.]  ' "The burden is on the party complaining to establish an abuse of discretion . . . ." ' " ' " (*Roman v. Usary Tire & Service Center* (1994) 29 Cal.App.4th 1422, 1430.)  We find no abuse of discretion.

---

[9] Article 2 is entitled "Mandatory Time for Service of Summons" and contains no provisions relevant to this appeal. (See §§ 583.210–583.250.)

11

## A. *Mortensen's Incapacity*

"When . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear . . . by a guardian ad litem appointed by the court in which the action or proceeding is pending . . . ." (§ 372, subd. (a)(1).) The Browns argue that, because the trial court allegedly lacked jurisdiction over Mortensen during the period in which he was incapacitated but had no guardian ad litem, that time period must be excluded from the calculation of the two years the Browns had to bring the case to trial. Specifically, citing *Siegal v. Superior Court of Los Angeles County* (1962) 203 Cal.App.2d 22 (*Siegal*), they argue that " '[L]ack of capacity' is a '***jurisdictional defect***' " and " '[t]o proceed to trial and judgment' for a person who lacks legal capacity 'would be an act in excess of 'jurisdiction' which could be prevented by prohibition.' " We disagree.

First, we note that despite the Browns' inaccurate assertion to the contrary, *Siegal* never stated that " '[L]ack of capacity' is a '***jurisdictional defect***.' " Indeed, *Siegal* expressly noted that "legal incapacity to sue does not go to the jurisdiction of the court" and that an incapacitated party's failure to appear through a guardian ad litem can "be cured . . . and presents no jurisdictional question." (*Siegal, supra*, 203 Cal.App.2d at pp. 25, 27.)

Second, while *Siegal* cautioned that "[t]o proceed to trial and judgment in the present posture of this case [where one party lacked capacity] would be an act in excess of 'jurisdiction' which could be prevented by prohibition" (*Siegal, supra*, 203 Cal.App.2d at p. 27), our Supreme Court has held that "so long as a court possesses fundamental jurisdiction, an act that it takes in excess of jurisdiction is ' "valid until set aside, and parties may be

12

precluded from setting it aside by such things as waiver, estoppel, or the passage of time." ' " (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 813.) In other words, whether or not proceeding to trial with Mortensen would have been an act in excess of jurisdiction, his incapacity did not cause the court's jurisdiction to be suspended, and therefore the period of his incapacity was not required to be excluded from the court's two-year calculation under section 583.340.

### B. *COVID-19*

The Browns argue that "the time period commencing March 9, 2020 until September 20, 2021 is also not properly included in any period of time to bring the case to trial because this period was the product of successive court orders continuing trial based on COVID." Again, we disagree.

First, the Browns cite nothing to substantiate their claim that the continuances until September 20, 2021, were due to COVID-19. As the Browns themselves admit in their appellate brief, the superior court's general order provided that " 'the Court will not set any Civil jury trials to commence before January 2021.' " So, at most, any tolling would have ended on January 4, 2021, eleven months before the case was dismissed.[10]

---

[10] We are aware that the emergency rules relating to COVID-19 set forth in the California Rules of Court added six months to the five- and three-year periods specified in sections 583.310 and 583.320, respectively. (Cal. Rules of Court, appendix 1, Emergency Rules Related to COVID-19, rules 10(a) & 10(b).) However, they did not provide a tolling period to the statute at issue here, the two-year discretionary period set forth in section 583.420, subdivision (a)(3)(C).

13

Second, while the Browns do not state which subdivision of section 583.340 they rely on for their tolling argument, subdivision (c) is the only potentially relevant subdivision.[11]  To assert this exception, the Browns had the burden of demonstrating a causal connection between the circumstance causing the impossibility, impracticability, or futility, and their failure to move the case to trial, and the burden of demonstrating they were reasonably diligent in moving the case to trial.  (*De Santiago v. D & G Plumbing, Inc.*, *supra*, 155 Cal.App.4th at p. 372.)  But neither in the trial court nor on appeal did the Browns even argue that the trial continuances due to COVID-19 impeded their trial preparation in any way, much less did they provide any evidence to support such an argument.[12]  The superior court's

---

[11] Subdivision (a) governs time periods when the jurisdiction of the court to try the action was suspended—as discussed above, the court never lost jurisdiction.  Subdivision (b) governs time periods when prosecution of trial of an action is stayed or enjoined—our Supreme Court has made clear that "subdivision (b) of section 583.340 governs only complete stays that are 'used to stop the prosecution of the action altogether.' " (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 730.) The Browns do not contend they were precluded from litigating during the trial continuances that were due to COVID-19.

[12] In fact, on August 6, 2020, when trial was still set for August 17, 2020, the parties asked the trial court to vacate the trial date and set a trial setting conference.  While the Browns imply that the court's action was due to the Presiding Judge's July 10, 2020 general order, the court's minute order makes no mention of that general order, referencing instead a stipulation it received from the parties.  In any case, the July 10, 2020 general order only continued trials set between July 10 and August 8, 2020, not trials set on August 17, 2020.  Nor could the trial court *(Fn. is continued on the next page.)*

14

general orders did not preclude litigation activities, just an actual trial. Similarly, the Browns did not and do not attempt to show they were reasonably diligent in moving the case to trial.[13] Therefore, the court did not err in dismissing the case. (See *Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1421 [five-year period in which to bring case to trial not tolled under section 583.340, subdivision (c) by " 'official moratorium on all civil trials' " or " 'when the civil department had a de facto moratorium on all but priority cases' " because "these moratoriums did not prevent or interfere with plaintiffs' prosecuting their case" and "[i]t is apparent from the record that plaintiffs were not ready for trial at the time of the moratoriums"].)

---

have been acting on the Presiding Judge's subsequent general order issued on August 10, 2020, continuing trials set between August 10 and September 8, 2020, as that general order did not issue until four days after the trial court issued its order vacating the trial date pursuant to the parties' stipulation.

[13] Thus, we find distinguishable the Browns' citation to *Chin v. Meier* (1991) 235 Cal.App.3d 1473. There, the court found that the 5-year period in which an action must be brought to trial under section 583.310 was tolled during "4 court-ordered trial continuances . . . when both sides announced 'ready' [for trial] but no courtrooms were available." (*Chin*, at p. 1476.) Here, there is no evidence that the Browns ever announced "ready" for trial. (See also *De Santiago v. D & G Plumbing, Inc.*, *supra*, 155 Cal.App.4th at p. 376 [criticizing *Chin* for failing to consider reasonable diligence in determining whether the impracticability exception applied].)

15

## DISPOSITION

The judgment is affirmed.  Respondent is awarded his costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.